## WOODS v. NABORS.

1. A certificate of the Register of the Land Office of the United States, not issued in the discharge of his official duties, is not evidence.

2. A bare shewing that the tenant in possession was the highest bidder at the United States land sales, does not shew his right of possession, or that the person having title before suing for possession, must give him notice to quit.

THIS was an action of trespass by Nabors against Wood, in the Circuit Court of Jefferson county, brought to try the title and recover possession of a half quarter section of land. General issue. Verdict and judgement for plaintiff.

On the trial the plaintiff gave in evidence, a certificate of the Register of the United States Land Office at Tuscaloosa, stating that at the public sales there on the——day of January, 1825, the plaintiff and one Lane, were the highest bidders, and purchased the land in controversy, and that Lane had assigned to the plaintiff. The defendant objected to this certificate as evidence, but the Court suffered it to be read for the purpose of shewing the time the land was sold. The plaintiff also gave in evidence a patent to himself for the land, dated 5th July, 1825.

·It was proved that the land in question, was offered for sale at the land office at Huntsville, in January, 1819; that the defendant was the highest bidder, and the land struck off to him.

The Court instructed the jury, that if Wood was in possession at the time title vested in Nabors, and had not shewn a right of possession in himself, notice to him to quit was not necessary to be proved ; to all which the defendant excepted, and assigned here the matter of the bill of exceptions as error.

BUGBEE, for plaintiff.

JOHN H. JONES, for defendant in error.

JUDGE SAFFOLD delivered the opinion of the Court.

IN admitting the evidence objected to, the Circuit Court seems to have limited it to prove " the time when the lands were sold," in order as it would seem to enable the jury to ascertain the time that possession had been withheld. The certificate introduced, appears to have been an extra official paper, not necessarily issued by the Register in the regular discharge of the duties of his office. There is no law authorizing such officers to certify such facts as evidence, although they bear relation to, or are connected with their offices. We are of opinion that the certificate in question should not have been received as evidence in any form, or for any purpose. It is not shewn that Wood ever had any estate in the premises beyond bare possession; his being the highest bidder, and the land being knocked off to him, was not sufficient to vest him with any title or interest. If he had paid a twentieth part of the purchase money, he might perhaps have been entitled to hold possession for forty days. Whether he did this much only, or more does not appear, nor does there appear any contract or privity, or any thing to constitute the relation of landlord and tenant, between Nabors and him, or between him and the government, from which Nabors derived title. Nothing appears on the record to exempt him from the character of a trespasser, or to make it necessary that the plaintiff, before the institution of the suit, should have given him notice to quit. But qn the first point stated in the bill of exceptions (the admission of the Register's certificate in evidence,) the judgement must be reversed, and the cause be remanded.

JUDGE GAYLE not sitting.