## PEEBLES *vs.* TOMLINSON.

[ACTION FOR MONEY HAD AND RECEIVED.]

1. *Charge invading province of jury.*—Where there is the least conflict in the evidence relative to any material point in the cause, a general charge in favor of the plaintiff's right of recovery is erroneous.

2. *Proof of letters of guardianship.*—The certificate of a probate judge is not competent evidence to prove the grant of letters of guardianship, except as appended to a transcript from the records of his court showing the appointment.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. JOHN E. MOORE.

THIS action was brought by Augustus Tomlinson, as the guardian of Sarah H. Curtis, a lunatic, against Wm. H. Peebles, to recover money collected by the defendant from one P. S. McNeill on a note for $994 40, dated April 4, 1848. The defendant pleaded, 1st, *non assumpsit;* 2d, the statute of limitations of three years; 3d, the statute of limitations of six years; 4th, payment; and, 5th, that plaintiff was not the guardian of Sarah H. Curtis. To the second plea the plaintiff replied that the cause of action was not an open account, and joined issue on the other pleas. On the trial, as the bill of exceptions states, the plaintiff introduced one Atkinson as a witness, who proved his delivery to the defendant, as the property of Mrs. Curtis, of the note on McNeill, and the defendant's execution of a receipt to him for that and several other notes; also, that he (witness) received these notes, with some other property, from one Crenshaw in Texas, " who was acting or professing to act as guardian or agent of Mrs. Curtis, and who delivered them to him on the order or at the request of Mrs. Curtis; " that he settled up Mrs. Curtis' business in Texas, and took said note from McNeill on settlement; that he brought Mrs. Curtis with him to Clarke county, Alabama, where she remained four or five weeks, and then returned to Texas in company with the defendant; that Mrs. Curtis resided in Texas when he

first knew her, and he had no knowledge that she had ever resided any where else; that he did not know of any property which she had in Wilcox county, Alabama, but could not say that she had none there. The plaintiff then read in evidence the deposition of said McNeill, who testified, that he owed Mrs. Curtis, in 1848 and 1849, the note above described; and that he paid said note to the defendant in this suit, to whom it had been assigned or transferred by Mrs. Curtis. The plaintiff then offered in evidence the certificate of the probate judge of Wilcox county, stating the fact that, on the 17th April, 1854, the plaintiff was appointed guardian of Mrs. Curtis. The defendant objected to the admission of this certificate, and reserved an exception to the overruling of his objection. "This was all the testimony offered to the jury; and thereupon the court charged the jury, that the evidence, if believed by them, was sufficient to entitle the plaintiff to recover." This charge, to which the defendant excepted, together with the admission of the evidence objected to, is now assigned as error.

JOHN T. TAYLOR, for the appellant.

B. WILLIAMSON, *contra.*

WALKER, J.—The plaintiff had no right to recover from the defendant the money collected by the latter from McNeill, if the note was the defendant's property. The witness McNeill testified, that the note was transferred or assigned by the plaintiff's ward to the defendant. This evidence being before the jury, it was improper for the court to assume that the note was not the defendant's property; and, consequently, it was erroneous for the court to instruct the jury to find for the plaintiff if they believed the evidence.—City Council of Montgomery v. Gilmer & Taylor, at the present term; Shepherd's Digest, 459, § 13.

[2.] The probate judge could, under his official seal, certify *the contents* of the records of his court; and the copy of the record, so attested, would be evidence. But he cannot *prove*, by his certificate, a fact *evidenced* by the record. The certificate of the probate judge of Wilcox

county, admitted in evidence, was clearly incompetent, and should have been excluded.

The judgment of the court below is reversed, and the cause is remanded.