## JEANS *vs.* LAWLER.

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *Letter from commissioner of general land-office, expressing opinion as to validity of entry, not competent evidence.*—A letter from the commissioner of the general land-office, expressing his opinion as to the validity or invalidity of an entry of land, and containing instructions as to what should be done with conflicting entries to the same land, is not competent evidence against a party claiming under one of the entries, to prove that his entry had been canceled in the general land-office.

2. *General offer of evidence partly illegal.*—When evidence is offered, of which a portion is illegal, the court may reject it all, and is not bound to separate the legal from the illegal.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. ROBT. DOUGHERTY.

THIS action was brought by Levi R. Lawler, against Robert M. Jeans, to try titles and recover the possession of the north-west quarter of the north-west quarter of section seven, in township twenty, range thirteen east, in

the Coosa land-district. The defendant was in the possession of the land as the tenant of one William M. Cosper, who claimed title to it in himself. On the trial, as appears from the bill of exceptions, the plaintiff read in evidence a certificate of the receiver of the land-office at Lebanon, dated October 19th, 1853, showing his entry of the land on that day, and the payment of the purchase-money. The defendant contested the validity of this entry, and attempted to show that it had been canceled in the general land-office because it conflicted with the prior rights of Cosper. For this purpose, he offered in evidence two transcripts from the records of the general land-office at Washington, properly certified by the commissioner; each of which was rejected by the court, and the defendant excepted. The contents of these transcripts are not in any manner described or identified, unless the several documents which, in each case, precede the certificate of the commissioner, are so held. Among these documents is a letter from the commissioner of the general land-office to the plaintiff, dated April 16, 1856, which is in these words:

"Sir: In reply to your letter of the 7th inst., I have to state that, if William M. Cosper has not already, or shall not hereafter, (giving him a reasonable time to do so,) perfect his location of the north-west quarter of the north-west quarter of section seven, township twenty, range thirteen, or pay for it at the rate of $1 25 per acre, this office will order said land into market under the 9th clause of the circular of January 1, 1856. Your entry of that tract, of the 19th October, 1853, was illegal, because the land was not subject to private entry; and you should apply at once to have the purchase-money refunded. For the same reason, his entry of the 17th November, 1854, is also illegal; and if he does not perfect his original location, as above suggested, said tract must again be brought into market as above stated."

The bill of exceptions does not state for what purpose either of the transcripts was offered, nor on what grounds they were rejected by the court. Their rejection is the only matter assigned as error.

Jeans v. Lawler.

J. W. Guinn, for the appellant.

Jno. T. Heflin, *contra.*

WALKER, J.—Two distinct offers of testimony, made by the appellant, were rejected by the court below. A letter from the commissioner of the general land-office, was a part of the testimony embraced in each offer. This letter was but an assertion by the commissioner of the general land-office of his opinion as to the legality of the two different entries of the land in controversy, accompanied by information as to the manner in which the entry of the defendant might be perfected, and as to what should be done in reference to the entry of the plaintiff, and to the entry of the defendant if not perfected. This letter was inadmissible. The opinions which the commissioner of the general land-office may express, as to the validity of entries of land, cannot, upon any principle known to us, be evidence to defeat a title already granted by the proper office. The case of Stephens v. Westwood, 25 Ala. 716, does not, as argued by appellant, afford a precedent for the admission of such evidence. In that case, a transcript of an approved contract with an Indian reservee, under the treaty of March 24th, 1832, and of the assignments upon it, was admitted in evidence upon the certificate of the commissioner of the general land-office. Those papers were, of themselves, competent evidence; and being on file, and belonging to the office of the department at Washington, copies properly certified were received in evidence. Here, the letter offered in evidence was illegal. It had no bearing upon any question of fact in the case, and could only be pertinent to the case as an expression of the commissioner's opinion upon questions of law. The copy certainly could not be evidence when the original was thus illegal. The letters were not admissible to prove that the plaintiff's certificate of entry was canceled. If there was any valid order of the department for the cancellation of the certificate, it is certain that it could not be proved by a letter.—Doe v. Long & Freeman, 29 Ala. 376; Brown v. Chambers, 12 Ala. 697.

We need not inquire as to the legality of any of the

other evidence offered along with the letter; for it is well settled, in a vast number of decisions of this court, that the court may reject a general offer of evidence, a portion of which is illegal.—See the cases collected in Shepherd's Digest, 596, § 169.

The court did not err in rejecting the two offers of evidence made by the appellants, and its judgment must be affirmed.

STONE, J., not sitting.