# Bonner *v.* Phillips.

### *Statutory Real Action in nature of Ejectment.*

1. *Certificate of register of land-office.*—A certificate made by the register of the land-office at Montgomery, which simply states that "*the records of said land-office show* that, on August 11th, 1855, Sarah Presnall entered at St. Stephens, Alabama,*" a tract of land particularly described, is the mere statement of a conclusion by the officer, not a certificate issued under authority of any act of Congress (Code, § 3043), and is not competent evidence for any purpose.

2. *Public lands; judicial notice of, and exemption from taxation.*—The court judicially knows that all the lands in this State originally belonged to the United States, and were not subject to taxation until sold.

3. *Same ; title of patentee, as against adverse possessor and purchaser at tax-sale.*—Where the plaintiff claims title under a patent issued to him within three years before the commencement of the action, and there is no evidence of any prior claim or act of ownership by any person claiming under the United States, the defendant can not defeat a recovery by setting up his adverse possession, or his purchase at tax-sale, prior to the date of plaintiff's patent.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Mrs. Sarah Phillips (formerly Sarah Presnall), against John Bonner, to recover the possession of a tract of land, which was described in the complaint as " the south-east quarter of the south-east quarter of section twenty-five (25), of township eight (8) north, range four (4) east," with damages for its detention ; and was commenced on the 6th October, 1883. The defendant pleaded not guilty, adverse possession for more than three years before the commencement of the suit, and a purchase at tax-sale more than five years before the commencement of the suit ; and the cause was tried on issue joined on these several pleas. On the trial, as the bill of exceptions shows, the plaintiff offered in evidence a patent from the United States, which was dated November, 1880, and by which the land in controversy was conveyed to Sarah Presnall ; and she then proved by her son, Brunson Phillips,

her identity with Sarah Presnall. Said witness further testi-fied, " that plaintiff had exercised no control over the land in controversy since it was sold for taxes in 1868, and that James Stabler, the purchaser of the land at said tax-sale, or his vendee, said defendant, went into the possession of said land about the year 1870, or 1871, and had been in uninterrupted possession ever since, exercising acts of ownership over it." The defend-ant then offered in evidence a deed executed by the probate judge of the county, dated May 10th, 1871, by which the land was conveyed to James Stabler, as the purchaser at a sale for unpaid taxes made in March, 1868; which deed recited that the land was sold for the unpaid taxes of the year 1864, and that it was assessed that year against " owner unknown." It was admitted that Stabler went into the possession of the land under this deed, in 1870, or 1871, and sold and conveyed to the defendant, by deed dated December 16th, 1876, which was pro-duced and proved ; and it was proved that said Stabler or the de-fendant had held continuous and uninterrupted possession from that time until the commencement of this suit. The defendant then offered in evidence a certificate dated " United States Land Office, Montgomery, Ala., March 27th, 1884," and signed " *Thomas J. Scott, Register*," which was in these words:    " I, Thomas J. Scott, register of the U. S. land-office at Montgom-ery, Ala., do hereby certify, that the records of the late land-office at St. Stephens, Ala., land-office show that, on August 11th, 1855, Sarah Presnall entered at St. Stephens, Ala., the S. E. ¼ of S. E. ¼ of section 25, in township 8 N., of range 4 east, St. Stephens principal meridian, containing 36.825 acres, for which she paid at the rate of 12.50 cents per acre, amounting to $4.60." The court excluded this certificate, on objection by the plaintiff, and the defendant excepted. This being all the evidence, except some evidence as to the regu-larity of the sale for taxes, the court charged the jury, on request, that they must find for the plaintiff, if they believed the evidence. The defendant excepted to this charge, and he now assigns it as error, together with the exclusion of the cer-tificate as evidence.

Jno. Y. KILPATRICK, for appellant.

H. PILLANS, *contra*.

STONE, C. J.—The certificate signed by Scott, register of the land-office, was not legal evidence. It was not a certificate made by him, constituting alike an official act done by him, and the evidence of it. Nor was it a certified copy from official records in his custody. It merely stated that the records in his

[East Tenn., Va. & Ga. Railroad Co. v. Bayliss.]

office showed " that, on August 11, 1855, Sarah Presnall entered at St. Stephens, Ala., the S. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of section 25, in township 8 N., of range 4 east, St. Stephens principal meridian," &c.  This was, at most, the conclusion of the certifying officer, that the records in his keeping showed the alleged entry.  This was in no sense a certificate issued pursuant to an act of Congress, and it does not come within the letter or spirit of section 3043 of the Code of 1876.— *Woods v. Nabors,* 1 Stew. 172 ; *Peebles v. Tomlinson,* 33 Ala. 336 ; *Jeans v. Lawler, Ib.* 340.

We judicially know that all the lands in this State belonged originally to the Government of the United States, and, until sold, were not subject to taxation.  The only evidence found in this record that the title to the land in controversy ever passed out of the Government, is the patent issued to Sarah Presnall, now Phillips, bearing date in November, 1880.  There is no proof that, before that time, she had ever asserted claim to the land, or exercised any acts of ownership over it.  In the absence of all proof on the subject, we feel bound to presume the land remained the property of the United States, until Mrs. Phillips acquired title by the issue of the patent in November, 1880.  This being the presumption, the land was not subject to taxation till then, nor could it be the subject of adverse holding.  It follows that, under the proof found in this record, defendant can claim no benefit under the purchase at tax-sale, nor under his possession anterior to the issue of the patent. *Swann v. Lindsay,* 70 Ala. 507 ; *Swann v. The State of Alabama,* at this term.

Affirmed.