# Planters C. & O. Co. *v.* Costillow.

### *Assumpsit.*

(Decided January 20, 1914.   64 South. 473.)

*Evidence; Documents; Certified Copy.*—Under section 26, Code 1907, to show issuance of license to sell fertilizer, the certificate issued must conform to the statute, and a certificate of the commissioner reciting that a certain company had procured a license for certain years according to the records in his office was not admissible in evidence in an action for the price of fertilizer, defended on the proposition that plaintiff did not have a license from the state.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by the Planters Chemical & Oil Company against G. W. Costillow and others, on a note for the price of fertilizer. Judgment for defendant and plaintiff appeals. Affirmed.

MCDUFFIE & SOWELL, and BARNETT & BUGG, for appellant. The court erred in refusing to permit the certificate of the commission showing license issued to

plaintiff to be admitted in evidence.—Sec. 26, Code 1907.

F. W. HARE, for appellee. The certificate was not a substantial compliance with the statute, and was not rendered admissible by section 26, Code 1907.—*Bonner v. Phillips*, 77 Ala. 427.

PELHAM, J.—The action was on a promissory note given for fertilizers. The defendants (appellees) pleaded the general issue and set up by special plea that, at the time the fertilizers were sold by plaintiff (appellant) to the defendants, the plaintiff did not have a license from the state of Alabama, as required by law, to engage in the sale of fertilizers. Issue was joined on the defendants' pleas, and the appellant offered in evidence the joint note made by the appellees and proved that it was due and unpaid and owing to appellant for fertilizers sold to the appellees in the spring of the year 1910. No objection was made to this evidence, and the appellant then offered in evidence the following paper writings:

(1) "State of Alabama, Montgomery County. Department of Agriculture and Industries. This is to certify that the records in this office show the Planters' Chemical & Oil Co., of Talladega, Alabama, complied with the law, by securing a fertilizer license on November 5, 1909, and by registering their various brands of fertilizers on December 1, 1909. Given under my hand and the seal of the department, this January 15, 1913. [Signed] R. F. Kolb, Commissioner of Agriculture and Industries. [Seal.]"

(2) "This is to certify that the Planters' Chemical & Oil Co., of Talladega, Ala., procured license for the sale of fertilizers in this state for the years 1909, 1910, 1911,

and 1912, according to the records in this office. Given under my · hand and the seal of the department, this January 18th, 1913. [Signed] R. F. Kolb, Commissioner of Agriculture and Industries. [Seal Department of Agriculture State of Alabama.]"

Appellees objected severally and separately to the introduction of these certificates in evidence on the ground, among others stated, that the papers offered are but a mere conclusion of the commissioner of agriculture that said company had complied with the law by procuring license, etc. The court sustained the objections, and to this action of the court the appellant reserved exceptions and took a nonsuit on account of the adverse rulings of the court, and by bill of exceptions presents the rulings against it made on the trial for review by this court.

Appellant relies on section 26 of the Code, which is as follows: "26. Proof as to License.—The printed report of the commissioner, or a certified copy of the record in his office, showing the issuance of the license to sell or exchange fertilizers or fertilizer materials, to whom and when issued, is presumptive evidence of the fact that said license was issued to such person at such date. But this provision does not preclude the introduction of the license in evidence."

When a certificate is made evidence by · statute, it must be made in conformity to such statute, and it will be noticed, from reading the above-quoted section, that the "printed report" or "a certified copy of the record" in the commissioner's office are the only matters or things made presumptive evidence of the fact that a license had issued, or that are authorized by the statute to be introduced in evidence as going to show (presumptively) the issuance of a license. It is not pretended that the certificates offered were a "printed report,"

and they cannot be said to fall within the other requirement, for these certificates, signed by the commissioner of agriculture and industries, are not certified copies of the record in his office, but at most are the mere conclusion of the certifying officer that the records in his office showed these alleged entries, and were in no sense transcripts from the records or certificates of a copy of the records in the commissioner's office such as were authorized to be introduced in evidence as presumptive proof under the provisions of section 26 of the Code.— *Bonner v. Phillips,* 77 Ala. 427.

The court was not in error in refusing to allow the introduction of the certificates in evidence over the objection made, and the judgment will be affirmed.

Affirmed.