PHILLIPS v. FARMERS' MUTUAL FIRE INSURANCE CO. OF KALAMAZOO COUNTY.

1. INSURANCE—CHANGE OF TITLE—VOIDING POLICY—MUTUAL INSURANCE.

　　The risk assumed by a mutual fire insurance company on plaintiff's property was not terminated by a deed and assignment of a land contract of sale of the same by her to a broker for the purpose of securing a purchaser and with no intention of conveyance to him, although a clause in the policy provided that any change in the title of the property should terminate the risk.

2. SAME—DEEDS—DELIVERY—CHANGE OF TITLE—INTENT.

　　There being no intention of presently passing the title to the broker, there was no such delivery as conveyed a present interest in the property.

3. APPEAL AND ERROR—ESTOPPEL—CONSENT TO DIRECTED VERDICT.

　　Defendant is foreclosed from claiming in this court that

another issue should have been submitted to the jury, where, on the trial, it conceded that the only question for the jury was the one of plaintiff's damages.

Error to Kalamazoo; Weimer (George V.), J.   Submitted October 14, 1919.   (Docket No. 45.)   Decided December 22, 1919.

Assumpsit by Mary A. Phillips against the Farmers' Mutual Fire Insurance Company of Kalamazoo County on a policy of insurance.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*E. M. Irish,* for appellant.

*Charles L. Dibble,* for appellee.

SHARPE, J.   The following statement of facts is taken from the brief of counsel for appellant:

"The defendant is a mutual fire insurance company. On the 17th day of January, 1916, the plaintiff took out a policy on some buildings in the amount of twenty-five hundred ($2,500.00) dollars.   On the second of February, 1917, the buildings were burned.   The loss was total.

"Defendant refused to pay the loss on the ground that plaintiff had violated the conditions of the policy by change of the title without consent of the company.

"The conditions of the policy contained this clause:

" 'If the title to said property shall be in any way changed, or a failure of the assured to show ownership or interest, * * * the risk hereon shall cease and terminate and the policy be null and void.'

"The by-laws were a part of the policy, and by-law 11 repeated the above condition.

"On November 22d, 1916, the plaintiff executed and delivered to one Stephen Chilson, a Michigan warranty deed of the property in question, the warranty being subject to a mortgage, and took a promissory note from him for $2,500.00.

"The deed was not placed on record.

"This deed was absolute on its face.   The evidence

in the record consists of a detail of the circumstances under which it was given."

It also appears that plaintiff had theretofore entered into a land contract with one Lanning for the sale of the property to him. This contract was also assigned by her to Chilson. It is the claim of the defendant that the execution and delivery of the deed to Chilson was such a change of title, within the language of the policy and by-law, as rendered the policy void, and that a verdict should have been directed in its favor. This claim is denied by the plaintiff, who claims the deed was executed and delivered under such circumstances as show that the parties did not intend it to operate as a conveyance. Plaintiff also claims that, if defendant's contention stated above should be sustained, it then devolved on defendant to show that it had been injured by such breach, under section 9481, 2 Comp. Laws 1915, which reads as follows:

"(9481) SECTION 1. No policy of fire insurance shall hereafter be declared void by the insurer for the breach of any condition of the policy if the insurer has not been injured by such breach, or where a loss has not occurred during such breach, and by reason of such breach of condition."

To this defendant replies that this statute was repealed by Act No. 256, Public Acts 1917.

At the close of the proofs, both parties moved for a directed verdict. It seems to have been conceded that there was no disputed question of fact to submit to the jury except the question of plaintiff's damages. This question the court submitted, instructing the jury that there was no change of title such as would affect the policy. The defendant afterwards, and before judgment was entered on the verdict, moved for a judgment for defendant *non obstante veredicto*, the right to do so having apparently been reserved under the provisions of Act No. 217, Public Acts 1915 (3

Comp. Laws 1915, § 14568 *et seq.*).  In denying the motion, the trial judge said:

"If the court is to determine the intent with which the deed was executed and delivered, then it would seem possible to reach but one result.  In my opinion under the undisputed testimony, it was clearly not the intention of either the plaintiff or Chilson to vest the latter with any right, title, or interest in or to the property or any ownership of the same.  Certainly Mrs. Phillips had no thought of relinquishing proprietorship over the property to Chilson.  She was dealing with him as a real estate broker.  He was acting as her agent in the transaction for the purpose of finding a purchaser, and that alone.  She may have been, and probably was, improperly induced to execute and deliver a writing in such form that in the hands of an unscrupulous agent it might have caused her serious embarrassment, but that could in no way affect her intention in the matter.  Whatever suspicion may have been aroused afterwards regarding Chilson's conduct as shown by the bill in chancery, the record in this case fails to disclose that he entertained any other or different intention in the transaction than she.  Everything in the testimony of plaintiff, Chilson, and the attorney, Goembel, who drafted the deed, shows beyond doubt that it was the contemplation of the parties that Chilson was to act as the agent of plaintiff in handling, looking after, and negotiating a sale of her property.

"It is my conclusion, therefore, that the execution and delivery of the writing, in form of warranty deed, under the particular circumstances shown, did not constitute a transfer of the title within the meaning of the policy."

Counsel for defendant relies on the case of *Western Massachusetts Ins. Co.* v. *Riker,* 10 Mich. 279, and kindred cases, in which it is held that a deed absolute on its face, though given as a security, avoids the policy.  It also holds that a conveyance intended to create a secret trust in the grantee for the use of the grantor creates a change of title within the language of the policy.

The distinction between the *Riker Case* and the one at bar lies in the fact that, as found by the trial judge, there was no present intention on the part of the parties to pass any title to Chilson. While it was in his power, in fraud of his duty to plaintiff and her rights, to have conveyed this property independent of his agreement with her that it should only be done if he secured a purchaser thereof, such power on his part, not having been exercised, should not be held to have created such an interest in the property in him as in any way changed the title thereto. The arrangement was in effect the same as though plaintiff had given Chilson a power of attorney to convey the property for her when a purchaser was secured.

We are also of the opinion that the trial judge might well have found that there was no such delivery of the deed from plaintiff to Chilson as would pass title to him. The plaintiff testified that at the time the deed was prepared she said to Mr. Goembel, the attorney who drew it, "I am giving Mr. Chilson a deed of this property so he can sell it for me." Mr. Goembel testified that at that time the plaintiff said to him, "Well, Mr. Chilson is going to sell this property." Chilson testified: "The deed was simply held by me. The deed wasn't mine."

As was said by Mr. Justice OSTRANDER in *Pollock* v. *McCarty*, 198 Mich. 66:

"The test is whether it can be said that delivery of the deed was such as to convey a present interest in the land."

Many Michigan cases are cited by him in its support, to which reference is here made. Applying this test, in view of the finding of the trial judge, in which we concur, that—

"It was clearly not the intention of either the plaintiff or Chilson to vest the latter with any right, title,

or interest in or to the property or any ownership of the same,"

—it must be held that there was no such delivery of the deed to Chilson as conveyed "a present interest in the land."

"The whole object of a delivery is to indicate an intent upon the part of the grantor to give effect to the instrument." *Thatcher* v. *St. Andrew's Church,* 37 Mich. 264, 269.

Counsel for defendant now insists that the intent with which the deed was executed and delivered should have been submitted to the jury. In view of the concession made by him at the time the motions to direct were argued, we think he is foreclosed from raising this question.

The conclusion reached renders it unnecessary to pass upon the effect of the repealing statute.

The judgment will stand affirmed.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.