(107 So. 38)

**WEIL BROS. v. SOUTHERN RY. CO.**
(6 Div. 731.)

(Court of Appeals of Alabama. Feb. 2, 1926.)

**1. Public Service Commissions ⚌1.**

Public Service Commission is a public office, and commissioners are public officers, in view of Code 1923, §§ 9605–9607, 9610.

**2. Evidence ⚌334(1)—Certificate, by secretary of Public Service Commission, setting forth tariffs on file, is not admissible as evidence to prove a freight rate (Code 1923, § 7681, 7719, subd. 6, 9605, 10017).**

Certificate, furnished by secretary of Public Service Commission, organized under Code 1923, § 9605, setting forth tariffs on file with commission, was properly refused as evidence

to prove a freight rate, in view of section 10017, requiring filing of railroad rates with the commission, and section 7681, 7719, subd. 6, requiring freight tariffs and other public records to be proven by the original or a copy certified by legal keeper thereof.

### 3. Statutes ⬯185.

Statute, limiting thing to be done in a particular method, includes negative that it shall not be done otherwise.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by Weil Bros. against the Southern Railway Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

James J. Jackson, of Cocoa, Fla., for appellants.

The published rates on file with the Alabama Public Service Commission are admissible in evidence, as showing the rate for a shipment in an action for overcharge. Emerson v. C. of G., 72 So. 120, 196 Ala. 280, L. R. A. 1916F, 120; Code 1923, §§ 7683, 10017. 41 Stat. at Large, 456.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

The alleged certificate offered was inadmissible, and properly excluded. Shelton v. St. L. & S. F., 110 S. W. 627, 131 Mo. App. 560; U. S. v. Gaussen, 86 U. S. (19 Wall.) 198, 22 L. Ed. 41; In re Evingson, 49 N. W. 733, 2 N. D. 184; Waitman v. Bowles, 58 S. W. 686, 3 Ind. T. 294; Hastings School Dist. v. Caldwell, 19 N. W. 634, 16 Neb. 68; Sterringer v. Mackie & Co., 49 S. E. 942, 57 W. Va. 63.

BRICKEN, P. J. Appellants, who were plaintiffs in the court below, brought their suit against the Southern Railway Company, appellee, to recover of it, a common carrier, certain sums alleged to be due as overcharges for certain intrastate shipments of cotton from Decatur, Ala., to Lanett, Ala. The sole question involved is that of proper documentary evidence to prove a freight rate. The plaintiff offered to introduce in evidence the following certificate:

"State of Alabama,

"Alabama Public Service Commission.

"Montgomery, August 23, 1923.

"Certificate.

"To Whom it may Concern: Upon request, I hereby certify the following information taken from the tariffs on file with this commission.

"The rate on cotton, uncompressed, with privilege to the carrier of compressing, from Decatur, Alabama, to Lanett, Alabama, in effect on December 29, 30 and 31, 1920, was 75 cents per 100 pounds (applicable via Southern Railway as originating carrier) as published in Southern Railway's Southern Mill Cotton Tariff No. 3, note No. 9 of Tariff and Supplement No. 6 thereto. [Signed] John Brandon, Secretary Alabama Public Service Commission, Montgomery." [Seal.]

The defendant objected to the introduction of said certificate upon the grounds: (1) Said certificate was not the proper way to prove a tariff; (2) the certificate was a conclusion on the part of the secretary of the Public Service Commission, and does not show the tariff nor the items from which such conclusion was drawn; (3) that said certificate was not competent evidence.

[1] The Public Service Commission of Alabama is a public office. Code 1923, § 9605. Alabama Public Service Commissioners are public officers of the state of Alabama. Code 1923, §§ 9605, 9606, 9607, 9610.

[2] The defendant carrier, by the provisions of section 10017, Code 1923, is required to file a printed or typewritten schedule of its rates, fares, and charges for the transportation of property and passengers in the state of Alabama. This printed or typewritten schedule is a record, or paper, required by law to be kept in the office, custody, or control of the Alabama Public Service Commission.

"All transcripts of books or papers or parts thereof, required by law to be kept in the office, custody or control of any public officer, agent, servant, or employee of any municipality, city, county, or of the state of Alabama, or of the United States, when certified by the proper custodian thereof, must be received in evidence in all courts. * * * All such officers under jurisdiction and laws of the state of Alabama, and counties and cities therein, shall furnish all such transcripts of any documents, official books and papers in their possession, custody or control, when requested so to do by any person, firm or corporation, tendering to such officer or custodian of such records, the proper amount of fees and charges required or necessary to pay for the making of such transcripts." Code of Alabama 1923, § 7681.

Section 7719 of the Code of Alabama 1923, subd. 6, provides, in effect, that a freight tariff or schedule filed by a carrier with the Alabama Public Commission may be proven "by the original, or by a copy certified by the legal keeper thereof." The above and foregoing statutory provisions provide the manner in which a public record or paper may be proven in the courts of this state.

[3] It is a familiar rule of statutory construction that, where a statute limits a thing to be done in a particular method or manner, it includes within its provisions a negative, and the negative is that it shall not be done otherwise. Bickley v. Keenan & Co., 60 Ala. 293.

In the case of Bonner v. Phillips, 77 Ala. 427, the following certificate was offered in evidence:

"United States Land Office.

"Montgomery, Ala., March 27, 1884.

I, Thomas J. Scott, register of the United States land office at Montgomery, Ala., do hereby certify, that the records of the late land office at St. Stephens, Ala., land office show that, on August 11, 1855, Sarah Presnall entered at St. Stephens, Ala., the S. E. ¼ of S. E. ¼ of section 25, in township 8 N., of range 4 E., St. Stephens principal meridian, containing 36,825 acres, for which she paid at the rate of 12.50 per acre, amounting to $4.60.

"Thomas J. Scott, Register."

Objection was made to the introduction of the certificate in evidence. The court held:

"The certificate signed by Scott, register of the land office, was not legal evidence. It was not a certificate made by him, constituting alike an official act done by him, and the evidence of it; nor was it a certified copy from official records in his custody. It merely stated that the records in his office showed 'that, on August 11, 1855, Sarah Presnall entered at St. Stephens, Ala., the S. E. ¼ of S. E. ¼ of section 25, in township 8 N., of range 4 E., St. Stephens principal meridian,'" etc.

This was, at most, the conclusion of the certifying officer, that the records in his keeping showed the alleged entry. This was in no sense a certificate issued pursuant to an act of Congress, and it does not come within the letter or spirit of section 3043 of the Code of 1876. Woods v. Nabors, 1 Stew. 172; Peebles v. Tomlinson, 33 Ala. 336; Jeans v. Lawler, 33 Ala. 340. See, also, Shelton v. St. Louis & San Francisco Railway Co., 110 S. W. 627, 131 Mo. App. 560, in which the court held a certificate similar to the one here under discussion to be inadmissible, and as one of the reasons for its holding the court stated that the certificate merely stated the secretary's opinion as to the rate on the commodity.

It follows, therefore, if we are to give force and effect to the foregoing statutory provisions and are to be governed by the decisions of our Supreme Court, as we are, we must hold that the trial court did not err in sustaining the objection interposed to the introduction in evidence of the certificate furnished by the secretary of the Alabama Public Service Commission, herein above set out.

The judgment of the lower court is affirmed.

Affirmed.