5 So.2d 835

**ÆTNA LIFE INS. CO. OF HARTFORD, CONN., v. THOMAS.**

6 Div. 734.

Court of Appeals of Alabama.

Oct. 7, 1941.

Rehearing Denied Nov. 18, 1941.

London & Yancey and Fred G. Koenig Sr., all of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

RICE, Judge.

This was a suit on a group policy of insurance wherein the defendant (appellant) insured the lives of certain employees of Lamson & Sessions Bolt Company, one of whom was plaintiff (appellee), and wherein plaintiff was insured against permanent and total disability, it being plaintiff's contention that on April 24th, 1937, while said policy was in force and effect, and while plaintiff was under sixty years of age, and after he had been continuously insured under the policy for at least one year, he suffered accidental injury totally and permanently disabling him within the meaning of the policy.

The sufficiency of the pleadings is not questioned on this appeal.

At the beginning of the trial appellant's counsel, in open court, stated to the jury: "This is simply a question for the jury as to whether or not plaintiff is totally and permanently disabled."

This statement had the effect of waiving the technical questions as to whether or not appellee had given to appellant the required "notice" before bringing suit; or as to whether or not the verdict—being well within the total coverage of the policy, matured at the time of trial—was excessive. It, as it purported to do, boiled the issues down to the single one of whether or not appellee was totally and permanently disabled as he claimed. See Mary A. Phillips v. Farmers' Mutual Fire Insurance Company of Kalamazoo County, 208 Mich. 84, 175 N.W. 144, 7 A. L.R. 1606; People v. James Marion Miller et al., 278 Ill. 490, 116 N.E. 131, L.R.A.1917 E, page 797; Byrd v. Aetna Life Ins. Co., 25 Ala.App. 318, 146 So. 78; Prudential Insurance Company of America v. Robert Faulkner, 10 Cir., 68 F.2d 676, 94 A.L.R. 1160.

The evidence, which we have carefully read and examined, made the solution of this issue one peculiarly for the jury. And, perforce, neither the trial court nor this court would have been, nor

309

would be, warranted in setting aside its verdict.

The testimony, as indicated, being in direct conflict as to whether appellee was or was not permanently and totally disabled by the accident which undoubtedly befell him, appellant, as a part of its case, offered in evidence the "record (card) of the Alabama State Employment Service" purporting to show the contacts of Nathaniel Thomas with the officials of that service, when he was seeking unemployment compensation, after the date of his accident.

This card, or record, made by someone in the Birmingham Office of the Alabama State Employment Service, revealed that Nathaniel Thomas called at that office on July 6th, 1938, and signed a card, upon which was noted (apparently by the employee of said Service who conducted the interview) the following remarks: "A good man for light work. Physical condition will not permit heavy work." Nathaniel's signature followed these remarks.

The same card revealed that after July 6th, 1938, when Nathaniel Thomas signed same, and when he returned to the office of the Alabama State Employment Service and on, to-wit, June 2nd, 1939, some one in the said office of the Alabama State Employment Service added to the remarks on the card, the following, to-wit: "Able to do any ordinary heavy labor now. Has thoroughly recovered he claimed."

The trial court sustained appellee's objection to the introduction of the above "record (card)" into the evidence,—appellant reserving an exception to this action.

The said exception is the only one reserved on the trial which we deem worthy of discussion.

Perhaps we should state that appellee offered no objection to the "record" on said card noted as of July 6th, 1938, the date appellee signed same, to-wit: "A good man for light work. Physical condition will not permit heavy work." But we deem this immaterial, since the card was offered as a whole, or, if not, the introduction of this part of the "record" could not have been of benefit to appellant, in any case.

So the question before us is, did the court err in refusing to admit into the evidence the said record, or card, containing as it did the notation: "Able to do any ordinary heavy labor now. Has thoroughly recovered he claimed."

Of course, if appellee stated on June 6th, 1939, or on any other date, that he had "thoroughly recovered," this would be in direct conflict with his testimony on the trial, that he was "totally and permanently disabled;" and hence would be admissible in evidence as an impeaching contradiction.

Appellee's learned counsel urge upon us a number of objections to the proffered evidence, all of which he argues were covered by his objection interposed on the trial,—any one of which, if valid, fully justified the trial court in rejecting same. We list them from his brief, to-wit: 1. It was expressly prohibited by Federal Statute. 2. The card is not such a record as is required by law to be kept. 3. The particular matter offered on the card is not such a record as is required by law or by the nature of the duties of such Department to be kept as "true public record intended for public registry of primary facts." 4. Had the card been such an official record, the particular matter written on the card which was offered in evidence was inadmissible because it consisted of a conclusion only. 5. The card was not rendered admissible because signed by plaintiff for the reason that it had been admittedly altered since its execution, and there was no explanatory proof. 6. The card is not "a record of a primary fact made by a public official, but falls in the class of records of investigation or inquiry concerning causes and effects, and involving the exercise of judgment and discretion, expressions of opinion, and making conclusions" and as such is not admissible in evidence as a public record. 7. The court properly excluded the card if otherwise admissible because of its lack of probative value.

As appellant's able counsel stoutly asseverate, "it is indisputably shown that the card is a record kept by the office of the Alabama State Employment Service." And it is of course understood that the Alabama State Employment Service was created by an Act of the Legislature of Alabama approved September 14th, 1935, Gen.Acts of Alabama, Regular Session 1935, p. 950.

We have followed with much interest the argument of appellee's counsel to the effect that the card in question, containing the "notation" specified, was inadmissible

310

into the evidence ⸱because of prohibitory legislation by the Congress of the United States, made applicable by the Legislature of our own State. But we are not convinced.

It is our opinion that had the matter noted on the card, to-wit, "Able to do any ordinary heavy labor now. Has thoroughly recovered he claimed," been "a record of a primary fact" (Commonwealth of Massachusetts v. Samuel Slavski, 245 Mass. 405, 140 N.E. 465, 469, 29 A.L.R. 281), made, as it was, by an employee of the Alabama State Employment Service while in the discharge of the duties imposed upon him by the Act of the Legislature creating that agency, it would have, under the decision of our Supreme Court in the case of Woodmen of the World Life Insurance Company v. Guyton, 239 Ala. 216, 194 So. 655, been admissible into the evidence. See National Life & Accident Ins. Co. v. Blanchard, 29 Ala.App. 372, 196 So. 171.

■ But, as we construe the notation in question on said card it states no more than the unauthorized conclusion of the person making same. And hence, under the authority of the decision by our own court in the case of Weil Bros. v. Southern Ry. Co., 21 Ala.App. 245, 107 So. 38, and of utterances in other decisions, and by textwriters, in line therewith, we hold that the card in question was properly denied a place in the evidence. Its admission was subject to at least the "objections" numbered 4 and 6 hereinabove. See 20 Am.Jur. p. 462. Also p. 871.

There appears to be prejudicial error in no ruling urged upon our consideration. And the judgment must be affirmed.

It is so ordered.

Affirmed.