EDWIN S. GEORGE FOUNDATION v. ALLEN.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—REAL PARTY IN
INTEREST.
   In suit to enjoin defendants from trespassing upon land claimed
   by plaintiff, question as to whether plaintiff was not such a
   real party in interest as to entitle it to bring the suit, not
   having been made a factor in the trial of the case, by reason
   of defendants' statement that the only issue related to the
   common boundary line of the parties, precluded them from
   having such issue as to parties considered on appeal.

2. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
   —TESTIMONY OF OTHER WITNESSES.
   In suit to enjoin trespass by adjoining owners, it was not error
   to admit testimony of plaintiff's grantor as a witness as to
   location of common fence, because such was a matter equally
   within the knowledge of defendants' grantor, now deceased,
   especially where four other witnesses testified as to such loca-
   tion, there was no dispute between plaintiff's grantor and de-
   fendants' grantor as to such location and the testimony did
   not relate to conversations had with the deceased (3 Comp.
   Laws 1929, § 14219).

3. INJUNCTION—TRESPASS—DETERMINATION OF BOUNDARY LINE.
   In a suit to enjoin adjoining owners from trespassing upon
   plaintiff's land, the trial court had jurisdiction to determine
   the issues involved therein including the location of the
   boundary line.

4. APPEAL AND ERROR—FINDINGS OF COURT—EVIDENCE.
   The trial court's findings of facts in suit to enjoin defendants
   from trespassing upon plaintiff's lands held, not against the
   great weight of the evidence, especially in view of admissions
   made in defendants' answers.

5. Evidence — Immaterial Matters — Injunction — Charitable Trust.

> In suit by charitable trust to enjoin trespass on its lands by defendants, owners of adjoining land, it was not error to curtail cross-examination of plaintiff's witnesses as to the inner workings of the trust, an immaterial matter so far as instant suit was concerned.

6. Same—Curtailment of Re-Cross-Examination of Surveyor in Suit to Enjoin Trespass.

> Curtailment of re-cross-examination of surveyor as to angle between the two eighth lines in a quarter section in suit to enjoin trespass *held,* not to have resulted in prejudicial error in view of the fact that the real issue in the case was one of trespass.

7. Continuance—Production of Evidence by Deposition—Previous Delays.

> Denial of continuance in suit to enjoin trespass upon plaintiff's land to enable defendants to produce testimony of a resident of California by deposition *held,* not error where one motion for continuance had been granted in December, 1943, until April, 1944, and cause finally came on for hearing in October, 1944, and contents of letter of September, 1944, from such witness to defendant's attorney does not appear in record and it does not appear that such witness could give any testimony relating to main issue in case.

Appeal from Oakland; Holland (H. Russel), J. Submitted January 8, 1948. (Docket No. 39, Calendar No. 43,892.) Decided April 5, 1948.

Bill by Edwin S. George Foundation, a charitable trust, against Bert J. Allen and wife to restrain trespass upon real estate. Cross bill by defendant Bert J. Allen against plaintiff to quiet title to real estate. Decree for plaintiff. Defendants appeal. Affirmed.

*Donald C. Porritt,* for plaintiff.

*Robert D. Heitsch,* for defendants.

Sharpe, J. Plaintiff, Edwin S. George Foundation, filed a bill of complaint to restrain defendants from trespassing upon its lands, from placing boats on the shore of Island lake belonging to plaintiff, from allowing persons to cross plaintiff's premises to go to the shore of the lake, and from interfering with plaintiff in the construction of a line fence.

On July 13, 1943, plaintiff filed its bill of complaint in which it is alleged that the Edwin S. George Foundation is a charitable trust created and existing under a trust indenture dated March 4, 1935; that plaintiff is the owner of lands bordering on Island lake, having become the owner of said lands through a warranty deed executed by Edwin S. George on March 4, 1935; that defendants, Bert J. Allen and Ethel Allen, his wife, obtained title to approximately three acres of land in 1923, said land being adjacent to property owned by plaintiff; that Island lake covers a portion of plaintiff's property; that defendants cross plaintiff's land in order to get to the lake; that defendants have placed boats on the shore of the lake belonging to plaintiff which defendants rent, lease and loan to persons desiring them; that defendants have threatened to destroy any fence which may be erected on a line between property owned by plaintiff and defendants; and that defendants have no right to cross plaintiff's land in order to get to the waters of the lake.

Defendant Bert J. Allen filed an answer to plaintiff's bill of complaint and admits plaintiff is the owner of a part of the northeast one-half of the northeast one-quarter of section 18, but denies there is a common boundary line between plaintiff and defendants' properties. He alleges that defendants have exercised open and visible control over the property in dispute for a period of more than 15

years and because of such use they have acquired title by adverse possession. He also filed a cross bill of complaint and asked that title be quieted in defendant; and that plaintiff be enjoined from trespassing upon said premises. However, during the course of the trial and on motion of his attorney, the above mentioned cross bill was dismissed.

Defendant Ethel Allen filed an answer to plaintiff's bill of complaint in which she denies that the purposes set forth in the trust agreement are being carried out or are sufficiently definite to constitute the basis for a valid trust, or that the alleged trustees are functioning according to the purport of said agreement; she denies that the deed of March 4, 1935, executed by Edwin S. George to the plaintiff foundation makes plaintiff the owner of the land. She admits that defendants have threatened to tear down any fence which plaintiff attempts to build which would separate defendants' property from the lake and by way of affirmative answer asserts that prior to the ownership of Edwin S. George of any property bordering on said lake, the defendants acquired the ordinary riparian rights over Island lake as a shore owner, including the right to use said water for boating, bathing, fishing and domestic use; and that said right was attached to defendants' land when they acquired title to the same.

Prior to the trial of said cause, defendants made a motion to dismiss plaintiff's bill of complaint for the reason that said bill of complaint does not state facts which entitle plaintiff to relief in a court of equity; and for the further reason that no line has ever been established between the premises in dispute and plaintiff is not entitled to have the question of the location of the boundary determined in a

chancery suit. The trial court denied the motion stating:

"I am of the opinion that this dispute and difference between the parties here goes far beyond the mere physical location of this fence; it seems to me that one of the main things is the right of the parties here to use boats and have access to the lake or trespass upon lands that are in the possession of the plaintiff, and the main thing here, it seems to me that the plaintiff is seeking to restrain interference with lands that might not even be remotely connected with defendants' property."

The cause came on for trial and at the close of all evidence the trial court entered a decree determining that plaintiff is the owner of the northeast quarter of the northeast quarter of section 18, Bloomfield township, Oakland county, Michigan; that defendants have no right, title or interest of any kind or nature in the lands of plaintiff; that the lands of plaintiff and the lands of defendants have a common line between them described as follows:

"Commencing at a point on the N. and S. 8th line of the N.E. ¼ of section 18, town 2 north, range 10 east, Bloomfield township, Oakland county, Michigan, located southerly on said 8th line 1180.09 feet from the north line of said section 18; thence easterly along the E. and W. 8th line of the N.E. ¼ of said section 18, a distance of 495.7 feet to an iron fence post located at the N.E. corner of said Allen property, said corner being also a corner of the vacated plat of Island lake estates, Bloomfield township, Oakland county, Michigan, this line being the line located in a survey of Wilbur S. McAlpine, being offered as an exhibit in said cause and a copy thereof attached thereto for reference."

The decree also restrained defendants from maintaining any boats on plaintiff's property constitut-

ing the shore of Island lake or entering plaintiff's·
lands; and from interfering with plaintiff in the con-
struction of a fence.on the common line between the
properties of plaintiff and defendants. .

In an opinion,,the trial court made the following
finding of facts:

"Plaintiff Foundation is the owner of the north-
east ¼ of the northeast ¼ of section 18, Bloomfield
township, Oakland county, Michigan. Plaintiff be-
came the owner of said premises by warranty deed
dated March 4, 1935. As the entitling of this case
would indicate, said title was obtained from Edwin S.
George, who became the owner of said premises
by a warranty deed dated March 26, 1910. Defend-
ants became the owners of lands in said township,
described as a parcel of land in the southeast ¼ of
the northeast ¼ of section 18, described as com-
mencing at the northeast [northwest?] corner of the
southeast ¼ of the northeast ¼ of section 18, thence
south 16 rods, thence east 30 rods, thence north 16
rods, thence west 30 rods to the place of the begin-
ning, containing 3 acres of land.

"The common east and west line between the
Foundation's property as heretofore described and
the defendants' property as heretofore described,
is some 100 feet from the shore of Island lake. The
point of beginning in this case must, of necessity, be
a factual determination by the court of the location
of the east-and-west common line between the plain-
tiffs' and the defendants' property. To this end
much of the proof taken concerns itself with the lo-
cation of said line and to the end that the court
might more easily follow and evaluate said proof,
the property was viewed in detail in the presence of
the attorneys, parties litigant and principal wit-
nesses. The court finds, however, that this litiga-
tion did not have its inception over any dispute as
to the common boundary line nor has the location of
said common boundary line at any time been the

crux of the differences existing between the parties hereto.    *    *    *

"The court believes and finds that there was never any real or bona fide dispute over this common east-and-west line between the years 1910 and 1929, or for a period of 19 years, nor has there been a bona fide dispute over the *location* of the common fence at any time. Subsequent, however, to the year 1929 the defendants saw fit to remove the fence from the common east-and-west line. Defendants found their own yard in front of and to the side of their home too small and simply expanded the same into the nearby grove by trespassing upon the land of the plaintiffs. Colonel George, a witness herein, testified that one of the defendants asked permission to permit the Allen children to play in the grove and to erect in said grove swings. Defendant Allen likewise requested permission to fish and keep a boat upon the nearby shore of Island lake. Witness George apparently raised no objection to the use of the grove by the children nor were the defendants restrained from fishing or keeping a boat for fishing purposes upon the lake. However, it was not long before the grove was used as a parking ground for cars and the nearby shore of the lake was being used as a mooring place for several boats used in turn by fishermen other than the Allens, and as a consequence of the foregoing the land of the plaintiffs lying between the Allen house and the shore of the lake was being trespassed upon not only by said Allens but by strangers. The proof likewise indicates that the Allens, without the permission of the plaintiffs herein, maintained a cowpen upon the plaintiffs' property.

"Despite the use of the plaintiffs' property by the defendants as just recited, the defendants at no time claimed that they were within their rights from the standpoint of the location of the common east-and-west line. Apparently, even to and through the date of trial, the defendants Allen have no definite

conception of where the true location of the east-and-west common line is. The simple truth as the court believes and finds it to be is this: The defendants have never questioned the fact that the common line is not where it is shown to be in exhibit 11. They have not in the past nor do they now care where said common line is. They are concerned only with there not being a fence on said common line which will hamper them in their free use of the plaintiffs' property as a means of ingress and egress to Island lake and to extending their front yard into the grove for parking purpose and the like.

"The defendants' deed calls for three acres of land. Under exhibit 11 they have three acres of land. Having in mind the lay of the land immediately adjacent to the Allen home and having in mind the inviting grove and the more inviting lake, it is easy to understand why the defendants trespassed and depredated upon the premises of the plaintiffs but said trespassing and depredations which together constitute the essence of this lawsuit, are neither legally justifiable or excusable and are without any basis of right as far as the defendants are concerned. The maintaining of the boat livery and inviting and allowing the public to congregate on the land of the plaintiffs and to use the lands of the plaintiffs constitute a nuisance. The failure to permit the fence to be built and maintained upon and along the common line amounts to a nuisance. The actions of Mr. Allen in threatening to do bodily harm to anyone who built a fence along the common line and the tearing down of a fence built on said property under the protection of an officer are all things that ought to be enjoined by a court of equity."

Defendants appeal and urge that plaintiff is not such a real party in interest as to entitle it to bring this suit as the only color of title in plaintiff to the land in question is a deed signed by Edwin S. George alone; that the purported trust indenture was signed

by Edwin S. George only as donor; and that the powers of Edwin S. George support the claim that he, rather than plaintiff, is the real party in interest.

We note that defendants in their reasons and grounds for appeal raise the following question: "Because the court held that the plaintiffs were such real parties in interest as to entitle them to bring this action."

In the answer filed by Ethel Allen she denies that the deed executed on March 4, 1935, makes plaintiff the owner of the land in dispute, while in the answer filed by Bert J. Allen there is an acknowledgment that plaintiff is the owner of a part of section 18 in Bloomfield township. It appears that at the close of plaintiff's case the following occurred:

"*Mr. Heitsch* (defendants' counsel): I want to renew my motion that this case be dismissed because primarily the only real issue in the case is the determination of the boundary line and there has no fixed and definite boundary been established in this case, and the whole thing here has been to determine where the boundary should be, rather than to protect the boundary that has been established at some previous time.

"*The Court:* In connection with that motion, the court can only say that I am more impressed than I was at the outset that this case involves more than the, the relief sought involves more than the mere fixing of the line.

"Would you care to make any opening statement. I am offering you the opportunity, I am not suggesting you make one unless you want to. * * *

"*Mr. Heitsch:* * * * We renew the motion to dismiss the case.

"*The Court:* That motion is denied. You may proceed."

While defendants were making their case the following statement was made by Mr. Heitsch:

"The position of the defendant in this case is there never has been a boundary line established on the ground, along the line of these two properties, and that that is the question and the only question there is to be established here."

It would appear from the above that the issue now raised was not a factor in the trial of the case.

In *Phillips* v. *Farmers' Mutual Fire Insurance Co. of Kalamazoo County,* 208 Mich. 84 (7 A. L. R. 1606), there was involved an action on a fire insurance .policy. At the close of all proofs both parties moved for a directed verdict. It was conceded that the only question of fact involved was the question of plaintiff's damages. This question was submitted to the jury. The defendant afterwards, and before judgment was entered on the verdict, moved for a judgment for defendant *non obstante veredicto.* In an appeal defendant attempted to raise another question. We there said:

"In view of the concession made by him at the time the motions to direct were argued, we think he is foreclosed from raising this question."

In view of the fact that defendants stated to the trial court that the only issue was that of the boundary line, we think they have waived the right to present for our consideration another issue, namely, the question of whether plaintiff is the real party in. interest.

Defendants also urge that it was error upon the part of the trial court to permit Edwin S. George to testify to facts equally within the knowledge of

Emma Babcock, deceased.* It appears that Emma Babcock died in 1917. On direct examination Edwin S. George was permitted to testify as to the location of a fence in 1910 when he purchased the property. It does not appear that there ever was any dispute regarding this fence between Edwin S. George and Emma Babcock from 1910, when he bought the property, to 1917, when Emma Babcock died. Moreover, the testimony offered was as to the location of a fence and not as to any conversation had with Emma Babcock.

It also appears that four other witnesses testified as to the existence and location of the fence. In *Olah* v. *Insurance and Church Society,* 255 Mich. 348, we held error in the admission of testimony, in a case tried without a jury, was not prejudicial where there was other competent testimony to support the findings of the trial court. Under the facts in the case at bar it was not error to admit the testimony of · Edwin S. George as to the location of the fence.

It is also urged that the chancery court does not have jurisdiction to settle the disputed boundary line between two parcels of real estate. It should be noted that plaintiff brought the present suit to enjoin defendants from trespassing on its lands. The location of a boundary line was only incidental to the relief sought by plaintiff. In *Beaver* v. *Zwonack,* 250 Mich. 96, we held that parties who are in possession of a strip of land may maintain a suit to enjoin a continuing trespass by adjoining owners, who also claim title. We conclude that under the record the trial court had jurisdiction to hear the case and decide the issues involved therein.

---

* See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).—RE-PORTER.

It is also urged that the court's findings. of facts are against the great weight of the evidence. We have examined the record and conclude that the evidence conclusively supports the findings of facts made by the trial court. We note that in each of the answers filed by the defendants there is an admission of the physical acts of using the lake frontage, although claimed as a matter of right.

It is urged that the trial court erred in curtailing defendants' cross-examination of the witnesses Edwin S. George and Wilbur S. McAlpine. It appears that on cross-examination of Edwin S. George, defendants' counsel questioned him as to the inner workings of the Edwin S. George Foundation. This line of cross-examination was objected to by plaintiff's counsel. The trial court sustained the objection, saying: "I don't think the court can possibly concern itself with the inner workings of the Foundation, this case doesn't involve that." The issue in this case was one of trespass and the trial court was right in sustaining the objection.

Wilbur S. McAlpine, a witness produced by plaintiff, is a registered land surveyor. He testified to a survey made of the property with reference to the angle at which the east-and-west eighth line of the northeast quarter of section 18 met the north-and-south eighth line in said quarter section. In answer to a question on re-cross-examination relating to the degree of an angle between two lines, he stated that by the use of trigonometry he could determine the degree of such angle. At this point the trial court stated:

"Inasmuch as this question wasn't asked and this angle wasn't gone into on direct examination nor cross-examination, I don't think the court can indulge you in sending this witness home, some place

to figure out any further answers. It (If) it is just something you overlooked or want to clear up, all right we are long past this witness, or should be. Anything further?''

In view of the fact that the real issue in this cause is one of trespass, we are of the opinion that no prejudicial error was committed in curtailing such cross-examination on this point.

It is also urged that the court was in error in refusing to grant a continuance to enable the defendants to produce the testimony of Nelson Shattuck by deposition. It appears that on December 6, 1943, a motion for a continuance was granted until April, 1944, and the cause finally came on for hearing on October 3, 1944. It also appears that Nelson Shattuck lives in California and on September 29, 1944, wrote a letter to defendants' attorney, the substance of which is not contained in the record, nor is there any evidence that such witness could give any testimony relating to the main issue in this cause. In the absence of such a showing, there was no error in refusing a continuance.

In our examination of the entire record, we arrive at the conclusion that the trial court made a proper disposition of the cause. A decree will be entered in this Court affirming the decree entered by the trial court, with costs to plaintiff.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.