GOLAHER *v.* HUNTING.

1. QUIETING TITLE — PLAINTIFF IN POSSESSION — JURISDICTION — EQUITY.

Chancery court properly exercised jurisdiction in suit to quiet title to 18-foot strip of land to which defendants had record title but to which plaintiffs claimed title by adverse possession, where defendants disputed plaintiffs' title only as to a part of the tract.

2. ADVERSE POSSESSION—TITLE—RECORDING—TAX ROLLS.

One who claims possession of land adversely to the holders of record title need not have some notice of the claim recorded, cause the description thereof to be entered in their names on the tax rolls, erect a fence, or bring an earlier suit to quiet title, where the claim is based on adverse possession that is *open and notorious for 38 years.*

3. SAME—PUBLIC PROCLAMATION OF TITLE—ESTOPPEL.

One who acquires title to land by adverse possession thereof need not make a public proclamation of his claim of title to the property in dispute or be estopped to assert claim of ownership.

4. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —ADVERSE POSSESSION.

Reversible error was not committed in suit to quiet title to 18-foot strip of land by plaintiffs who claimed title by adverse possession by reason of their testimony as to matters which may have been equally within the knowledge of defendants' now deceased predecessor in title against whom plaintiffs' possession was adverse, where there was ample proof and corroboration of such adverse possession presented by disinterested witnesses (CL 1948, § 617.65).

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur, Quieting Title §§ 3, 45.
[2, 3] 1 Am Jur, Adverse Possession § 140.
[4] 3 Am Jur, Appeal and Error § 1028.
[5] 1 Am Jur, Adverse Possession § 246.

5. QUIETING TITLE—ADVERSE POSSESSION—EVIDENCE.

Evidence in suit to quiet title to 18-foot strip of land upon which plaintiffs had erected a garage and used adversely to holders of record title for 38 years, which was sufficient to satisfy the trial judge that plaintiffs had title to the entire tract instead of only the south end thereof *held,* not such as to indicate the trial court was in error.

Appeal from Kent; Verdier (Leonard D.), J. Submitted June 7, 1960. (Docket No. 3, Calendar No. 48,196.) Decided September 15, 1960.

Bill by Kenneth Golaher and Thelma Golaher against Allen Hunting and Joyce Hunting to quiet title and restrain trespass. Decree for plaintiffs. Defendants appeal. Affirmed.

*Annis & Cooper,* for plaintiffs.

*Thomas D. Anderson,* for defendants.

DETHMERS, C. J.   A borderline dispute prompted plaintiffs to bring this chancery action to quiet title in them to the 18-foot disputed strip in question and to restrain defendants from trespassing on it. From decree for plaintiffs the defendants appeal.

The legal descriptions in the lines of conveyances covering the 2 neighboring properties of the parties are the west half, appearing of record in the names of defendants, and the east half, in the names of plaintiffs, respectively, of a certain lot number 73. In dispute are the easterly 18 feet of the west half of the lot. Plaintiffs claim that they and their predecessors in chain of title acquired the same by adverse possession for 38 years.

The 2 properties front on a street running along their south ends. Defendants admit that plaintiffs' garage and driveway are on the south end of the 18-foot strip and that plaintiffs have acquired title thereto by adverse possession, and they say that they

are willing to deed that portion to plaintiffs. But a part of the strip, running along defendants' side of plaintiffs' garage and driveway and the north portion behind the garage defendants claim as their own.

Defendants bought on land contract and moved into their premises just a year before suit was commenced. They trimmed some bushes, on occasions cut the grass, removed plaintiffs' lawn furniture and placed their childrens' playground equipment on the disputed land. Plaintiffs promptly removed the latter. On the basis of these facts defendants say they were and are in possession of the strip and that plaintiffs' remedy, if any, is not in chancery but ejectment. Defendants' admission of plaintiffs' right to the garage and driveway portion and plaintiffs' insistence that they have continued to exercise dominion over the entire strip, throwing off defendants' playground equipment, and their contention that defendants have merely trespassed frequently, leave the question of possession of a part at least disputed. We think the court in chancery properly exercised jurisdiction for reasons set forth in *Brooks* v. *Michos,* 323 Mich 184, *Campbell* v. *Kent Circuit Judge,* 111 Mich 575, and others therein cited.

Defendants urge that they became purchasers for value without notice of plaintiffs' claims and that plaintiffs then were guilty of laches estopping them from asserting their rights by not having caused some notice of their claim to be recorded, or caused the description of the strip to be entered in their names on the tax rolls, or erected a fence or earlier brought suit to quiet title. For this they cite no authorities. Such has not been the law so long as the possession of one claiming adversely has been open and notorious. In *Yatczak* v. *Cloon,* 313 Mich 584, 590, 591, in response to a similar contention, this Court said of one who acquires title to land by adverse possession:

"But it is urged that defendant Esther Cloon was a bona fide purchaser for value without either actual or constructive notice. * * * Defendant having purchased the property in 1937, urges that a bona fide purchaser without notice should be protected against a claimant for adverse title. * * *

"We do not think plaintiff is estopped to assert her claim of ownership. It was not necessary to make a public proclamation of her claim of title to the property in dispute."

Defendants complain that plaintiffs were permitted to testify as to matters relating to the strip and the adverse use thereof which had been equally within the knowledge of a now deceased predecessor in defendants' chain of title.* Defendants fail to specify particular testimony, and there is question as to whether they did not open the door to all of plaintiffs' testimony. At all events, we think that the nature of the latter and the ample proof and corroboration, by disinterested witnesses, of the adverse possession leave the objection without particular merit under our holding in *Edwin S. George Foundation* v. *Allen,* 320 Mich 552.

We need not detail the acts of plaintiffs and their predecessors, the proofs of which combined to satisfy the trial judge that they had established 38 years of adverse possession of the entire 18-foot strip. We are not persuaded that had we been in his position we would have decided otherwise.

Affirmed. Costs to plaintiffs.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

---

* See CL 1948, § 617.65 (Stat Ann § 27.914).—REPORTER.