VESTA I. BROMLEY and others

*vs.*

LORINDA GARDNER and others.

Kennebec.    Opinion March 5, 1887.

*Wills   Devises.   Life-estate.   Evidence.*

Prior to the Revised Statutes of 1841, a devise of land, in this state, without words of inheritance, carried only a life-estate, unless it could be collected from the whole will that a fee was intended by the testator.   That rule governs all testamentary instruments made before that date.

Where, in a will ante-dating 1841, a father gave his daughter half his estate outright, consisting of real and personal property, and the other half subject to a life-estate to his wife therein, using no words of inheritance in his devises,— but limiting an estate to his wife in appropriate words — and declaring that he was disposing of his "estate"— making no general residuary clause — and in the devises to his wife and daughter using the phrase, "one-half of *all* my real and personal estate"— naming all his heirs in his will and making small gifts to them,— and where from these provisions the daughter might never take the second half of the estate unless she took a fee, because she might die before the mother,— it is manifest that the testator intended to devise to the daughter an absolute estate, less the limited estate to the mother — a full fee.

Although a devise on its face may import an absolute gift to the devisee in her own right, it is competent to show by her written admissions, that she was to take the property in trust for herself and others; but such proof could not affect the right of a third party purchasing the property without notice of any trust.

ON report.

Bill in equity by the heirs of Jacob Stevens, named in the opinion, to sustain and quiet their title to the homestead farm of the testator, in Vassalboro'.   The title of the defendant, Lorinda Gardner, was by deed from the administrator on the estate of Jacob Stevens' daughter, Lucy.   Other material facts stated in the opinion.

*Robert B. Caverly*, (*John L. Hunt* with him) for plaintiffs.

The will (as of course) is in writing by the testator, and its intent in creating the trust is confessed in a writing signed by the trustee herself, who, also, has sanctioned it by a part performance.   *Barrell* v. *Joy*, 16 Mass. 221.   In this the court

say : "But though the conveyance be absolute, any declaration in writing made by the grantee or assignee, at any time after the conveyance, is competent proof of the trust." Also see *Bates v. Hurd*, 65 Maine, 180, 181.

Again, the trust is fortified by the implications of law, which arise from the words and obvious intent of the will itself, apparent upon its face. *Baker* v. *Bridge*, 12 Pick. 31. In this case Chief Justice SHAW says : "It is not enough that the court may conjecture that the testator intended to pass a fee, and failed to do so from ignorance of the rules of law, or otherwise ; but it must appear affirmatively that such was the intention from the will itself, and 'that in putting such construction upon any particular clause, it is allowable to consider any other part of the will in order to ascertain the testator's intent.'" See also *Cook* v. *Holmes*, 11 Mass. 531.

In 21 Maine, 340, TENNEY, Justice, says : "If the intent be wanting no fee passes." This was the law of Massachusetts and Maine when this will was made, on January 13, 1838. And this law is the law which, as we submit, is to settle this question of intent. There is a statute since passed (in 1841) to the reverse of the above, which provides that " a devise of land is to be construed to convey all of the estate of the devisee therein, unless it appears by the will that a less estate was intended. Revised Statutes, c. 92, § 26. But plaintiffs submit that neither this act nor the decisions under it, can in any way affect this will made in 1838. A trust being established, and a breach of it being thus fully proved and confessed, this court has the power to grant to these heirs, adequate relief — just what justice requires. 1 Story's Equity, c. 4, § 98 ; 2 Story's Equity, c. 18, § 781.

That this court has jurisdiction in cases of partition is, as we submit, very clear. Be this as it may, it is enough that this is a court of law as well as a court of equity. 1 Story's Equity, c. 14, § § 646–658 ; 59 Maine, 482.

*E. W. Whitehouse*, for defendant.

The law was the same before the enactment of 1840. *Butler* v. *Little*, 3 Maine, 239 ; *Ramsdell* v. *Ramsdell*, 21 Maine, 288 ;

*Godfrey* v. *Humphrey,* 18 Pick. 537; *Carter* v. *Homer,* 4 Mod. 89; S. C. 1 Eq. Cas. Abr. 177.

A fee passes by use of the word estate when all the estate is devised. *Baker* v. *Bridge,* 12 Pick. 31; *Murry* v. *Wyse,* Finch's Prec. Ch. 264; S. C. 2 Vernon, 564, notes; *Kellogg* v. *Blair,* 6 Met. 322; *Putnam* v. *Emerson,* 7 Met. 333; *Randall* v. *Tuchin,* 6 Taunt. 410; *Brown* v. *Wood,* 17 Mass. 73; 55 Maine, 287; 107 Mass. 590; 3 Cush. 557; 21 N. Y. 423; 5 Cowp. 221; 18 Vesey, 193; 2 Jarman, Wills, 326; 1 Jarman, Wills, 33, and note; 2 Redf. Wills, 327, 323–4; 1 Wash. R. P. 59; *White* v. *White,* 21; The Reporter, 578; Shepherds, Touch. 439, n. 1 (1803); *Fogg* v. *Clark,* 1 N. H. 163; *Leland* v. *Adams,* 9 Gray, 171; *Josselyn* v. *Hutchinson,* 21 Maine, 339; *Doe* v. *Snelling,* 5 East. 87; *Mathews* v. *Windsor,* 2 Kay & J. 406.

PETERS, C. J. Jacob Stevens, in 1838, made his will in which he gave to his wife the use of one undivided half of his estate, to be held during her widowhood. He then makes this provision: "I give, devise and bequeath unto my · daughter, Lucy Stevens, one undivided half of all my estate, both real and personal, of every description, consisting of the farm on which I now live, stock, farming tools, money, debts due, etc.; and I also give to her, the said Lucy, the other half of my said real and personal estate, when my said wife ceases to be my widow."

One question of the case is, whether Lucy Stevens received a fee or only a life-estate in the real estate.

By a statute passed in 1841 (R. S., c. 92, § 20), it was provided that a devise of land shall be construed to convey all of the estate of the deviser therein, unless it appears by the will that a less estate was intended. Prior to that time the rule was the reverse. A devise of land, without words of inheritance, conveyed a life-estate only, unless from the whole will it affirmatively appeared that a fee was intended by the testator. The will, therefore, is to be construed as the law stood before the act of 1841.

We think the meaning of Jacob Stevens, as manifested from

the whole will, was to give his daughter a fee, in half the farm at his own death, and in the other half upon the death or marriage of his wife. Several features of the will, taken singly, have much force, and, taken together, are of abundant authority, to warrant such a conclusion.

The testator proposes to make a disposition of his "estate," meaning his whole estate. He fails to do so unless his daughter takes a fee. There is no general residuary clause. In many cases the word "estate" implies a fee. *McLellan* v. *Turner*, 15 Maine, 436; *Josselyn* v. *Hutchinson*, 21 Maine, 339; *Leland* v. *Adams*, 9 Gray, 171. It is a striking evidence of the intention of the testator to give a fee when in clauses two and three of his will he uses the phrase, "all of my estate, real and personal, of every description." Inasmuch as the widow takes a life-interest in half the estate, the daughter might never obtain any interest in that half, unless she took a fee. She might die while the mother remained a widow.

It appears that the testator appreciated the nature of a life-estate, as he limited an estate to his wife in appropriate terms; and he could have devised a limited estate to his daughter had he designed to do so. And he no doubt understood the nature of a residuary clause, making a particular one to the daughter, and none for the benefit of his heirs generally, although not omitting any of his heirs from some benefit under the will, naming them all. He provides for them out of the estate which he first devises to his wife and daughter, a significant fact in collecting the intention of the testator. *Butler* v. *Little*, 3 Maine, 239.

The complainant further contends that, if the devisee took a fee, she took it under an oral trust for the benefit of all the heirs, and that she has sufficiently confessed the trust by her conduct and by a writing signed by her.

If the question were between the complainants and Lucy Stevens alive, there would be much force in the complainants' position. But as between her heirs and her father's heirs it is doubtful if equity should interfere, since she has made equitable provision for the complainants by her own will. And, certainly, as between the complainants and the principal defendant, equity

cannot afford the relief asked for. She purchased the premises for a fair consideration, without notice of any trust. R. S., c. 73, § 12, protects her as an innocent purchaser. The will on its face funishes no indication of any trust. Its whole drift is the other way.

*Bill dismissed.*

DANFORTH, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.