ROMONA OÖLITIC STONE COMPANY *v.* WEAVER ET AL.

[No. 7,469.   Filed February 14, 1912.]

1. APPEAL.—*Disposition of Case.*—*Presumptions.*—The decision of the trial court is presumed to be correct.   p. 371.
2. MECHANICS' LIENS.—*Extras.*—*Findings.*—Where defendant conceded that there was due to plaintiff $590 upon his building contract and $42.13 for extras, and a judgment was rendered for $650.28, the court, on appeal, knows that alleged extras aggregating $333.12 were not included in such judgment.   p. 372.
3. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.   p. 372.
4. MECHANICS' LIENS.—*Tender.*—*Personal Judgment.*—Where defendant duly tendered to plaintiff in settlement of plaintiff's claim the sum of $727.68, which plaintiff refused, and the court found that there was due to the plaintiff $650.28, it was proper to deny a foreclosure of a mechanic's lien therefor, or to allow a recovery for attorneys' fees.   p. 372.
5. MECHANICS' LIENS.—*Trial.*—*Evidence.*—*Striking Out Answer to Question.*—*Extras.*—It is not prejudicial to strike out the answer to a question as to whose instructions the witness had referred in connection with certain changes made in a building, where another question and answer had intervened between the use of the word "instructions" by the witness and the inquiry as to what he meant thereby, thereby rendering the meaning of the question and answer uncertain.   p. 373.
6. CONTRACTS.—*Building.*—*Extras.*—*Evidence.*—In an action for the balance due on a building contract, and for extras, it is not

Romona Oölitic Stone Co. *v.* Weaver—49 Ind. App. 368.

prejudicial to ask a witness whether there were any doors or doorsills placed in the building, not shown upon the plans and specifications, especially where without objection in answer to other questions he stated that no extra doors had been placed in the building. p. 373.

7. TRIAL.—*Objections to Evidence.—Failing to Make Offer of Proof.—Appeal.*—Where an objection is made to the introduction of evidence, and no offer is made showing what the evidence is, no question is saved. p. 374.

8. CONTRACTS.—*Building.—Evidence.—Kinds of Stone.*—In an action on a building contract, the exclusion of an answer as to what kind of stone the soldiers' and sailors' monument is built of, is harmless, where the witness later testified that stone of that general class is known as Bedford stone. p. 374.

9. CONTRACTS.—*Building.—Extras.—Errors in Measurements.—Evidence.*—In an action to recover a balance due on a building contract, and for extras, overruling objections to a question propounded to defendant asking him to designate the changes necessitated by the plaintiff in erroneously cutting stone, is harmless, where defendant explained, in answer thereto, the particular changes necessitated by the plaintiff's errors. p. 375.

10. APPEAL.—*Technical Errors.*—Insubstantial errors will not work a reversal of a judgment. p. 375.

From Superior Court of Marion County (77,433) ; *Pliny W. Bartholomew,* Judge.

Suit by the Romona Oölitic Stone Company against George A. Weaver and another. From a judgment for plaintiff for part of its demand, it appeals. *Affirmed.*

*W. H. H. Miller, C. C. Shirley* and *Samuel D. Miller,* for appellant.

*J. D. Lecklider* and *D. A. Myers,* for appellees.

HOTTEL, J.—Appellant's complaint was in a single paragraph and sought to recover for labor performed and stone used in constructing a building erected by appellee George A. Weaver, and to foreclose a mechanic's lien on said building. There was a written contract, by the terms of which appellant was to

"furnish all labor and materials necessary fully to complete the cut stone work, as described under the
VOL. 49—24

heading of 'Cut Stone Work,' and as per opening or introductory article of the specifications, and as indicated in the drawings, both general and detail, * * * for the sum of $1,690.''

The complaint, in addition to averring the furnishing of material and the performing of labor, under said written contract, further averred that appellant, at the special instance and request of appellee, furnished extra material and labor, of the reasonable value of $333.12, evidenced by a bill of particulars. The complaint admits that appellee paid on said materials and labor furnished $1,100, and seeks to recover the balance of $923.12, which is alleged to be due and unpaid, and also asks for $150 attorneys' fees, and the foreclosure of a mechanic's lien on the property. The complaint contains the other essential averments as to the ownership of the lots upon which the building was located, the filing of the notice of the intent to hold a lien, etc. Appellee trust company was made defendant to answer as to its interest in the property, on account of a lien held by it. To this complaint appellee Weaver filed an answer in four paragraphs: (1) A general denial, (2) a plea of payment, (3) a plea of tender of $727.68 on September 1, 1908, which was before the suit was begun.

The plea of tender averred that the amount tendered was in excess of the amount due to appellant, and that appellee Weaver had paid said sum to the clerk of the court for the use of appellant, and was ready and willing to pay said appellant said sum in settlement of its claim.

The fourth paragraph was a counterclaim, alleging a failure on the part of appellant to furnish the kind of stone provided by its contract, and a failure in other respects to furnish the material and perform the labor as provided therein, specifically setting out the items and amounts, and asking damages on account thereof in the sum of $600. To the special answer, a reply in general denial was filed by appellant.

The court in its general finding found that there was due to appellant from appellee Weaver the sum of $650.28, with relief, and found for said appellee on the mechanic's lien, and rendered judgment for appellant for $650.28, with relief, and for said appellee for costs.

A motion for a new trial was overruled, and the ruling on this motion is the only error assigned.

The various grounds of this motion may be grouped and discussed under the following heads: (1) That the amount of the judgment is erroneous, in that it is too small; (2) that the court erred in denying appellant's right to a mechanic's lien; (3) that the court erred in the admission and exclusion of certain evidence.

The price to be paid for the cut stone work, under the agreement was $1,690. In addition to this sum appellee Weaver, upon the trial, agreed upon certain extras aggregating $42.13, making a total of $1,732.13, conceded to be due to appellant on account of all material furnished and labor performed. This of course leaves out of account any claim for damages growing out of said appellee's counterclaim.

Upon this sum appellant concedes a payment of $1,100 before the suit was filed, leaving a balance of $632.13.

The amount of the tender pleaded and brought into court, about which there seems to be no dispute, was $727.68. The court rendered judgment for $650.28, which was $77.40 less than the tender, and $18.15 in excess of the amount conceded to be due by said appellee.

It is insisted by appellant that the amount of recovery is too small, for the reason that the court failed to include therein certain items in its bill of extras, and attorneys' fees. The determination of this question depends entirely on whether the court should have included in the amount of the recovery the extras claimed by appellant. Upon this question the presumption is in favor of the decision of the court below. *Parkison* v. *Thompson*

(1905), 164 Ind. 609; *Maitland* v. *Reed* (1906), 37 Ind. App. 469; *Ray* v. *Baker* (1905), 165 Ind. 74; *Berkey* v. *Rensberger* (1912), *ante*, 226.

The finding being general, it would be impossible for this court to know just what items were included and represented by the amount for which the court rendered its judgment, but for the fact that appellee Weaver conceded $590 to be due on the written contract, and $42.13 on extras. From this concession it is apparent that the amount of the recovery could not have included the items of extras claimed by appellant. We have therefore examined the evidence upon these several items.

Upon each of these items we find that the evidence, a great deal of which is oral, is conflicting, and, under the authorities cited, is sufficient to prevent this court from substituting its judgment for that of the court below.

Whether the facts in this particular case bring appellant within the provisions of §§8295, 8307 Burns 1908, Acts 1899 p. 569, Acts 1883 p. 140, §14, which provide for a foreclosure of a mechanic's lien, and the allowance for attorneys' fees therefor, we need not decide, in view of the conclusion before announced as to the correctness of the amount of the recovery.

The amount found by the court to be due to the appellant was less than the amount appellee Weaver had tendered it before the suit was filed, and which was brought into court for its benefit. We do not think that it can be seriously contended that the foreclosure of the lien should be decreed, and allowance for attorneys' fees made, against a party who had, before he was sued, offered to pay in full, and afterwards kept his tender good by bringing the amount into court.

The other grounds for the motion for a new trial relied on, relate to the admission and exclusion of certain evidence.

Romona Oölitic Stone Co. *v.* Weaver—49 Ind. App. 368.

It is first insisted that the court erred in striking out an answer of the witness Leppert in response to a question as to whose "instructions" the witness had referred, in connection with certain changes made. Another question and answer intervened between the use of the word "instruction" by the witness and the inquiry as to what he meant thereby, which made both the question and the answer doubtful and uncertain as to their application and meaning. We think it is evident that the decision of the trial court was in no sense influenced thereby.

It is next urged that the trial court erred in permitting the witness Weaver to answer, on redirect examination, the following question: "Are there any doors or door-sills in the building now that are not shown upon the plans and specifications under which the building was erected?" This question was objected to by appellant, on the ground that "the plans and specifications speak for themselves, and are the best evidence," which objection was overruled.

The witness was not asked merely what doors or doorsills were shown by the plans and specifications, but was asked whether the building contained any other than those shown by such plans and specifications. This could not be determined from the plans and specifications alone, but involved an examination of the building also. While the question may have been objectionable, in that it asked the witness for his opinion on said matter after an examination of both the plans and specifications and the building, yet it certainly could have resulted in no substantial harm to appel-. lant. This is especially so, in view of the two preceding questions put to the same witness, which he was permitted to answer without objection. To these questions the witness had answered, first, that after the plans and specifications were prepared he had not put in an extra door, and then in reply to a question asking whether he had put an

extra door in the building after the contract was made with appellant, the witness answered: "I didn't put any extra doors in the building at all."

Counsel next insist that the court erred in refusing to permit plaintiff to submit the "American Contractor" to defendant Weaver on cross-examination, to refresh his recollection as to the trade-name of the stone in question, and described in the contract as "Bedford stone."

The record upon this subject disclosed that the witness, in reply to a question put by counsel for appellant, had said, in substance, that he had never heard of the stone quarried at Bloomington or Monroe being called "Bedford stone." After this answer, appellant's counsel merely said: "Look at this copy of the American Contractor." An objection was sustained by the court, and exceptions saved by appellant.

The record does not disclose what the "American Contractor" was, nor appellant's purpose in having the witness examine it, and no offer or statement of any kind was made as to what was expected to be elicited or proved by the examination. The question which followed, however, evidently elicited all that the appellant could have been entitled to, by having the witness examine the publication submitted to him. This question and answer were as follows:

"Q. Don't you know the trade journals generally and traders advertise and sell stone known as Indiana Oölitic limestone as Bedford stone, without regard to the particular place it is quarried?

A. I don't know it that way."

It is next insisted that the court erred in refusing to allow witness Ittenbach, on cross-examination, to answer the question: "Do you know what kind of stone the soldiers' monument in this city was built out of?" If the exclusion of the answer to this question could furnish any ground upon which to predicate error, any harm result-

ing therefrom was completely cured by the next question and answer: "Q. Stone of that general class is known as Bedford stone? A. Generally termed that; yes."

Lastly it is insisted that the court erred in allowing appellee Weaver to answer, upon his direct examination, the following question: "Will you designate the items upon the plaintiff's bill of particulars, relating to the charges made for cutting stone and readjusting the stone, growing out of the mistakes and errors made by it in its measurements, calling the numbers—the items?" The witness, in response to said question, went into detail, and gave the several items where mistakes were made and additional work was required, which, according to said appellee's claim resulted from errors in measurements by appellant. While this question may have been open to the objection that it assumed that there were certain items claimed by appellant as extra which were the result of its own incorrect measurements, yet, in view of all the evidence on this question, and the answer of the witness thereto, no possible harm could have resulted therefrom to appellant. It amounted to nothing more than directing the attention of the witness to the particular items of the bill to which the questioner desired to call attention, and thus limit his inquiry, and in response thereto the witness singled out particular items, and gave his explanation of why the additional work had to be done, which was, in effect, that such changes and additional work resulted from incorrect measurements and interpretations of the plans and specifications by appellant.

As applying to all the objections urged by appellant to the admission and exclusion of evidence, we may say generally, that they are merely technical, and not of a character which affected the substantial rights of appellant, and, therefore, under §407 Burns 1908, §398 R. S. 1881, no ground is furnished for a reversal of the judgment.

Judgment affirmed.