## HIGBEE v. CITY OF BARTLESVILLE.

No. 19839. Opinion Filed Dec. 23, 1930.

Hargis & Yarbrough and Lee Williams, for plaintiff in error.

J. T. Shipman, for defendant in error.

EAGLETON, C. L. L. Higbee brought suit against the city of Bartlesville alleging that he was the duly appointed chief of the fire department; that on or about the 15th day of July, 1924, the city purported to remove him from office in a manner not authorized by law, and had since failed to pay him his salary; that he had filed his claim for compensation, but that same had been disallowed. He prayed for judgment in the sum of $6,303.35. The defendant answered by way of general denial, alleged a discharge pursuant to the charter provisions of the city of Bartlesville, alleged that plaintiff resigned and his resignation was accepted, and finally that the plaintiff, on being charged with improper acts, incompetency, and immorality, and being given an opportunity for hearing thereon, acquiesced in his discharge, removed from the city, and abandoned said office. The plaintiff filed a general denial for reply thereto. On trial verdict was returned and judgment entered for the defendant. Plaintiff appeals.

The only issue in the trial court was whether or not the separation of the plaintiff from his office was legally accomplished. Plaintiff contends that the verdict and judgment are not sustained by the evidence. The evidence introduced discloses that the plaintiff was accused of improper conduct while in office. The mayor of the city on at least one occasion called him to task for getting drunk while on duty. The disciplinary conditions in the department were not good. The board of city commissioners by resolution caused the city clerk to advise the plaintiff that his services would not be required after the 15th day of July, 1924. It seems this notice was given to the plaintiff between the middle and the end of the preceding month. Plaintiff was paid for his services to July

15, 1924. He made no objection to the manner of his discharge. He did not ask for a hearing, as was authorized under the charter provisions of the city of Bartlesville, but accepted his severance from office and moved from the city of Bartlesville. It was not until May of the following year that he made any move to indicate that he had not been properly released from the fire department employment. He filed a claim for unpaid compensation in May, 1925. This was disallowed. The discharge which he received in the form of a letter from the city clerk did not specifically give him a date for a hearing to question the propriety of his discharge, but he had ample time before the effective date of this discharge to ask for and obtain such a hearing. He chose not to demand a hearing, but to acquiesce in his discharge and abandon his office. Such a hearing on the charges against him was his as a matter of right, but he did not avail himself of it. By his conduct after receipt of his notice of discharge he approved the manner of his severance from office. He acquiesced in his removal from the city pay roll, and abandoned the office which he had theretofore held.

It has been held that an officer may abandon his office after charges are made against him even though the formal action taken against him is insufficient to constitute a legal discharge. Howell v. City of Gillespie, 202 Ill. App. 447; McQuillin, Municipal Corporations (2d Ed.) sec. 516. It becomes a question of fact to be determined by the jury whether or not the conduct of the officer is sufficient to ratify the discharge, to acquiesce therein, or to abandon the office after action is taken against him. This question was submitted to the jury herein. The jury found adversely to the plaintiff, and the evidence is sufficient to sustain the verdict and judgment thereon.

Discussions of this question are had and authorities to some extent collated in State ex rel. Truitt v. Lewy Court of New Castle County (Del.) 140 Atl. 642; McDermott v. City of New Haven (Conn.) 140 Atl. 826.

In the case of City of Ardmore v. Sayre, 54 Okla. 779, 154 Pac. 356, the charter provisions of the city of Ardmore were decisive, and the question at issue herein was not present therein, so that decision is not controlling in this proceeding.

The pleadings as framed put in issue the effect of the conduct of the plaintiff after receipt of notice of discharge, and even had the pleadings not fully comprehended that question, the evidence thereon was introduced without objection and the pleadings would be considered as amended for the purposes hereof.

Plaintiff next contends that over his objection minutes of the meeting of the board of city commissioners, dated July 1, 1924, were admitted in evidence. It is a general rule that records required by law to be kept are when relevant admissible as prima facie evidence of the facts therein stated. Arnold v. Board of County Commissioners, 124 Okla. 42, 254 Pac. 31; 22 C. J. 801; Parks v. Ash (Ga.) 149 S. E. 207; U. S. v. Feather River Lumber Co., 30 Fed. (2d) 642. It is as well true that an objection made to the introduction of certain evidence in its entirety, or a motion to strike such evidence theretofore introduced, is not well founded in case any portion of the evidence attacked is properly admissible. American Express Co. v. Lankford (C. C. 8th Cir.) 93 Fed. 380; American Oil Pump & Tank Co. v. Foust (Ore.) 274 Pac. 322; Brannon v. Mobley (Ga.) 150 S. E. 76; Metropolitan Life Ins. Co. v. Edwards (Ga. App.) 150 S. E. 447; Townsend v. Hames (Ga. App.) 151 S. E. 665; Alexander v. Employees' Mutual Benefit Association (Minn.) 217 N. W. 601; Mosko v. Matthews (Colo.) 284 Pac. 1021. The minutes introduced were the official record of the proceedings of the board of city commissioners. In addition to the recital of the resignation of the plaintiff, they recited certain other facts pleaded in the cause. But even if the facts thus recited were not material and were irrelevant as to the substantial controversy herein, we would be constrained to hold that the admission of this evidence was harmless. The plaintiff's testimony was sufficient, standing alone, for the jury to arrive at its verdict. We do not feel from a review of all the evidence and the record herein that the plaintiff was harmed by this evidence.

The plaintiff next complains of three of the instructions given. Though he argues these propositions, he does not support his arguments with authorities, and the arguments are not convincing to us that any reversible error was committed in the giving of them. It is complained that the instructions assume that the plaintiff was legally discharged from his position. We do not find such to be the facts. From a review of all of the instructions, it appears clearly that that was the controverted issue of the suit. The statements so complained of refer rather to the plaintiff's ceasing to perform the duties of office than his ceasing to be the said officer. It is next complained that the instructions covered issues not sustained by the evidence.

With this position we are constrained to agree, at least in part. The instructions were given on all the issues tendered by the pleadings, though some were not fully covered by evidence. We do not believe, however, after having reviewed the entire record and the evidence in the cause, that the errors in the instructions are so substantial as to justify a reversal of a cause by reason thereof.

The cause is therefore affirmed.

TEEHEE, HERR, LEACH, DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.