W. B. Carnahan *v.* Arch M. Monroe

(No. 8267)

Submitted January 22, 1936. Decided March 24, 1936.

*Erskine, Palmer & Curl,* for plaintiff in error.
*O'Brien & O'Brien,* for defendant in error.

LITZ, JUDGE:

Defendant, Arch M. Monroe, complains of a judgment for $6,000.00 rendered against him upon a verdict in favor of plaintiff, W. B. Carnahan, for personal injuries resulting to the latter from alleged negligence of the former.

Carnahan, while crossing West Market Street at its connection with Tenth Street in the City of Wheeling, about 1 P. M., October 17, 1933, was struck and injured by a Ford automobile owned and operated by Monroe. West Market Street, which is 26 feet wide and extends north and south, connects with Tenth Street, running east and west. West Market Street is used only for one-way traffic, entering from Tenth Street, while Tenth Street serves as an important arterial route. The car of defendant was entering West Market Street from Tenth Street at the time of the accident and stopped a few feet from the point of contact. It is asserted as the basis of negligence charged against defendant that he observed, or by the exercise of reasonable care, should have discovered, the peril of plaintiff in time to have avoided the collision by the use of like care. Defendant, on the other hand, contends that plaintiff suddenly, heedlessly and without warning, stepped into the path of the automobile; and that he was therefore unable to avoid the injury. Defendant says he was traveling from five to eight miles an hour when he first observed plaintiff about eight feet away. According to the testimony of plaintiff, he looked in the direction of Tenth Street before entering West Market Street without discovering any

cars approaching the entrance to West Market Street, from the direction traveled by defendant, and, while taking one or two steps into Market Street "glanced" in the same direction with like result; and that continuing his course across the street, he looked down West Market Street and was, at the time of the accident, observing an automobile parked on the opposite side near the crossing. The parties differ as to the point where plaintiff entered West Market Street and the distance he traveled before being struck. Plaintiff testified that he followed the regular walkway and had reached the center of the street. Defendant stated that plaintiff was south of the walk-way and had traveled only five or six feet. Defendant is corroborated by a passenger and plaintiff by another pedestrian and the report of the accident filed by defendant with the state road department. Plaintiff was entitled to preference at the crossing under a municipal ordinance.

Error is assigned to the rulings of the trial court predicated upon (1) alleged admission of evidence that plaintiff worried because of his inability, by reason of the injury, to support himself and family; (2) the admission in evidence of the report of the accident by defendant to the state road department; (3) the rejection of evidence offered by defendant to show the time required for his mental and muscular reaction to danger in the operation of an automobile; and (4) the granting and rejection of instructions.

First. The first point of error is unfounded because the evidence therein complained of, as we interpret the record, was excluded.

Second. Section 23, article 8, chapter 17, Code 1931, provides: "In case of an accident, the operator of a vehicle, * * * shall stop immediately, and, * * * give his name, * * *. In all cases of accident resulting in injury to any person, the operator shall immediately report the details of the same to the (state road) commission. Any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor, * * *." The

defendant failed to report the accident until after the state road commission, at the instance of counsel for plaintiff, requested him to do so. In view of the evident purpose of the statute—to reduce the hazards incident to the operation of motor vehicles—the report of the accident to the road department was, in our opinion, properly admitted in evidence. There is no reason why such report should not be treated as an open public record. No authority is cited by counsel for the opposing view.

Third. The court admitted evidence showing the average human equation or the time consumed by translating a sense impulse into a motor impulse. The proffered evidence of a personal test of plaintiff was properly excluded because, if for no other reason, the difference between the tests is insignificant.

Fourth. Numerous instructions were granted at the instance of each party. Defendant criticizes several given for plaintiff and complains because some offered by himself were rejected. Number 7 of the challenged instructions given for the plaintiff follows:

> "If you find from the evidence, that the plaintiff, Carnahan, before stepping from the curb to cross West Market Street, looked out into Tenth Street—East and West—and no automobiles were, at that time, in view, turning toward the entrance to West Market Street; that he then stepped into the street on the pedestrians' crossing, and, for the first step or two, he glanced again toward Tenth Street, and still no automobile was visible turning into or toward said West Market Street from Tenth Street, and that then, as he continued walking across the street, he looked down (south) on West Market Street, to make sure no automobiles were coming from that direction, and then towards the automobiles alongside the Market Auditorium to make sure that the nearest parked car there would not be backed onto the crossing in front of him; and that, at that instant, the defendant's machine struck him, and that the defendant had given to Carnahan no signal or warning of his approach, then, under

> such circumstances, Carnahan would not be guilty of contributory negligence, and the proximate cause of the injuries to him would be the negligence of the defendant, and you should so find, and return a verdict for the plaintiff."

This instruction is erroneous because it withdraws from the jury the right to determine whether the assumed facts exculpate plaintiff. The jury must be left to draw its own inferences from admitted or assumed facts except in cases where only one reasonable inference can be justified. "Where the admitted facts are such that fair-minded men might draw different inferences from them, the case is one for the jury rather than the court." *Hicks* v. *Southern Ohio Quarries Co.*, 116 W. Va. 748, 183 S. E. 874. In response to a special interrogatory, the jury found that defendant, by the exercise of reasonable care, could have avoided striking plaintiff after he saw or should have seen him. In the light of this finding, which in effect is that the negligence of defendant was the proximate cause of the injury, we are of opinion that defendant was not prejudiced by the rulings of the court complained of in the granting and refusal of instructions. "A verdict will not be set aside because of erroneous instructions, where the jury, in answer to special interrogatories, has made findings of fact which show the instruction, if considered, was harmless." *Wills* v. *Montfair Gas Coal Co.*, 104 W. Va. 12, 138 S. E. 749; *Burner* v. *Smith Coal Co.*, 107 W. Va. 158, 147 S. E. 545.

We therefore affirm the judgment of the circuit court.

*Affirmed.*

MAXWELL, JUDGE, concurring:

If plaintiff's instruction No. 7 had not contained the clause "and that the defendant had given Carnahan no signal or warning of his approach", I would consider the instruction unquestionably erroneous for the reason stated in the opinion. But the presence of that clause, together with the other recitals of the instruction, intro-

duces, it seems to me, a situation for pronouncement of a legal conclusion rather than for a finding of fact. If the circumstances were as recited in the instruction, I am impressed that it would follow as a matter of law that the defendant's conduct was the proximate cause of the plaintiff's injuries.

But if the instruction was erroneous, I concur in the conclusion stated in the opinion by Judge Litz that the error was non-prejudicial.