HADLEY et al. v. ROSS.

No. 31153. May 16, 1944.

Rehearing Denied Nov. 21, 1944.

Application for Leave to File Second Petition for Rehearing Denied Jan. 30, 1945.

*155 P. 2d 939.*

Barrett & Divine, of Hugo, and Butler & Rinehart, of Oklahoma City, for plaintiffs in error.

James G. Welch and Hal Welch, both of Hugo, for defendant in error.

ARNOLD, J. This action was instituted by Paul Ross, hereinafter referred to as plaintiff, against Rudolph Hadley and the Postal Mutual Indemnity Company, hereinafter referred to as defendants, and M. B. Jones, to recover damages for injuries to the person of the plaintiff alleged to have been sustained as the result of a collision between a truck owned by M. B. Jones, a nonresident, and operated on the highway of Oklahoma under a motor carrier permit is-sued by the Corporation Commission pursuant to public liability bond executed by the Postal Mutual Indemnity Company and a truck which was being driven by the plaintiff.

Plaintiff in his petition alleged, in substance, that the collision, and the injury to his person that resulted therefrom, were proximately caused by the negligence of the defendant Rudolph Hadley in failing to keep to his side of the highway and in driving the truck at an excessive rate of speed so that it extended over the center of the highway, thus side-swiping the truck which plaintiff was driving. M. B. Jones was never served with process and made no appearance in the case and need not be considered further in the action. The answers of defendants consisted of general denials and pleas of contributory negligence. Upon the issues so framed trial was had to a jury. The evidence was in agreement upon the fact that the collision occurred and that the plaintiff was seriously injured as a result thereof, but was in conflict upon the issue of whether the negligence of the defendant Rudolph Hadley or that of the plaintiff was the proximate cause of the collision and injury. The jury resolved the conflict in the evidence in favor of plaintiff and returned a verdict in his favor in which his recovery was assessed at $5,000. Judgment followed the verdict; motion for new trial was overruled, and defendants appeal.

The sufficiency of the pleadings, instructions, and the evidence to sustain the verdict is not challenged. It will be necessary to discuss only the following proposition urged as reversible error:

"Proposition No. 1. The trial court erred in admitting in evidence a certified copy of Report of Accident made by R. Lowell, Highway Patrolman."

The first proposition advanced by defendants is based upon the fact that the trial court admitted in evidence, over the objection of defendants, a certified copy of a report which a highway patrolman had made of his investigation and inquiry into the collision between

the two trucks some six days after the collision had occurred. This report was wholly ex parte and based upon information which had been imparted to the officer by undisclosed informants.

Though the first proposition is stated broadly enough to permit of the argument that neither the statute, relating to the introduction of public records in evidence, nor the general rules regarding admissibility thereof contemplate records or reports made by an investigating officer into the occurrence of collisions upon the highways of the state, though authorized and enjoined by law, the burden of the argument in respect to the inadmissibility of the report involved seems to be to the effect that the statute making it the duty of patrolmen to investigate and report all collisions upon our highways does not authorize or enjoin the duty to make reports purporting to determine cause and effect or express opinions and draw conclusions. On this proposition, therefore, we confine our opinion to the latter contention.

The defendants contend that said instrument was inadmissible under the authority of Aetna Life Ins. Co. v. Thomas, 30 Ala. App. 307, 5 So. 2d 835; Commonwealth v. Slavski, 245 Mass. 405, 140 N. E. 465, 29 A.L.R. 281; Finnegan v. Checker Taxi Co., 300 Mass. 62, 14 N. E. 2d 127; Home Owners Loan Corp. v. Grundy, 122 N. J. L. 301, 4 Atl. 2d 784; Steel v. Johnson, 9 Wash. 2d 347, 115 P. 2d 145; Jones Commentaries on Evidence (2d Ed.) § 1700 et seq.; Wigmore on Evidence (2d Ed.) § 1639 et seq. The plaintiff seeks to justify the admission of the instrument under the authority of Arnold v. Board of County Commissioners of Creek County, 124 Okla. 42, 254 P. 31; Higbee v. City of Bartlesville, 147 Okla. 49, 294 P. 168; Carnahan v. Monroe, 117 W. Va. 279, 185 S. E. 234; Ezzo v. Geremiah, 107 Conn. 670, 142 Atl. 461.

The questioned report purports to cover generally all the details as to the occurrence of the collision, and by expression of opinion and deduction therein the author of the report attempts to determine the cause and effects of the collision. Under "remarks" this statement is contained in the report:

"Veh. #1 traveling west pulled to the edge of the pavement to avoid a collision with Veh. #2, which was in the middle of the road, the trucks sideswipped in the middle of the highway."

As to the principal and contributing causes of the collision it is stated in the report: "Veh. 2 over the center line." A diagram appears on the report purporting to indicate the location and line of travel of the automobiles at and near the point of collision.

47 O. S. 1941 § 366 provides, in part, as follows:

"The Commissioner and each officer and inspector of the Department as he shall designate and all members of the Division of Highway Patrol shall have the power: . . .

"7. To investigate traffic accidents and secure testimony of witnesses or of persons involved.

"10. . . . . It shall be the duty of the Highway Patrolman to investigate and report all motor vehicle accidents on the state highway system outside of incorporated municipalities."

12 O. S. 1941 § 502 provides, in part:

"The books and records required by law to be kept by any county judge . . . or other public officers, may be received in evidence in any court; . . ."

12 O. S. 1941 § 486 provides as follows:

"Copies of all papers authorized or required by law to be filed or recorded in any public office, or of any record required by law to be made or kept in any such office, duly certified by the officer having the legal custody of such paper or record, under his official seal, if he have one, may be received in evidence with the same effect as the original when such original is not in the possession or under the control of the party desiring to use the same."

It is not contended there is any other statutory authority for the introduction of such reports in evidence.

To promote the primary purpose of reducing hazards incident to the operation of motor vehicles on the public highways the Department of Public Safety was created by the Legislature. As a part of such comprehensive plan it was made the duty of highway patrolmen to investigate and report all motor vehicle accidents on the highway system. The reports made by patrolmen are permanently kept in the files of the department pursuant to the implied mandate of the statute. It is admitted that if the original of the document in question was admissible, then the certified copy was likewise admissible. Certification of copies or originals of such reports is authorized by 47 O. S. 1941 § 358.

When the certified copy of the report was offered in evidence objection was made thereto by the defendants on the ground that it was "not such a public record as is entitled to be introduced . . . ." Upon receipt of the document in evidence the attorney for the plaintiff read same to the jury. The defendants then renewed their objection and asked the court to strike the report. This motion was overruled and the defendants saved exception to all rulings made by the court relative to the admissibility of the report.

After all evidence had been introduced and both parties had rested, the court, upon further consideration of the objections interposed to the introduction of the report in evidence, instructed the jury that it was being withdrawn from the evidence and admonished the jury not to consider it. The defendants again moved the court to declare a nonsuit. Further argument ensued and the court remarked to counsel for defendants that if they insisted, the report would be left in evidence. At the conclusion of all the argument as to the admissibility of the report and in support of the motion of the defendants for a mistrial, all of which occurred in the presence of the jury, the court said: "I think I will leave it in there."

All the authorities cited by the parties to this action indicate that all courts recognize the existence of an exception to the hearsay rule in certain instances as applied to records required to be kept by public officers. An examination of the authorities cited by the respective parties will reveal that the discussions therein relate to the extent of the exception in the matter of the admissibility of records made and kept by public officers. Our Legislature recognized and made provision for the exception. The principle which seems fairly deducible from most of the authorities cited, as well as numerous others, is that a record of primary facts made by a public officer in the performance of official duty is or may be competent prima facie evidence of the existence of such primary facts, but expressions of opinion or conclusion or statements involving the exercise of judgment and discretion made by public officers, voluntarily or pursuant to requirement of law, are not admissible in evidence though a part of a public record.

We have not heretofore passed on the exact question presented here.

Ordinarily public officials whose duty it is to keep records for the public good make up such records from day to day and they disclose occurrences as they actually happen, and the public official, or some of his deputies, have or had personal knowledge of the facts recorded. In this manner events known by public officials to have transpired are preserved by recordation. Obviously it would be extremely difficult, if not impossible, to bring to court as witnesses all those public officials or deputies who have personal knowledge of the relevant and material facts sought to be proved by records kept by them. The exception to the hearsay rule in this regard is justified because of convenience and necessity, in view of the fact that it is well recognized that officials perform their duties under oath without prejudice and bias, impelled only by official responsibility and duty. It must also be presumed that their duties are performed efficiently and accurately; their records are therefore considered

trustworthy. The exception, however, does not make admissible evidence shown by public records that would not be competent if those who made the records, and who had personal knowledge of the facts disclosed thereby, were present and testifying. Hearsay evidence is not admissible ordinarily, though it may be very relevant and material, because not sworn to and there is no opportunity of cross-examination afforded. The exception to the rule here under consideration obviates the necessity of the personal appearance of those who know the facts and made the records. The exception should not be further extended to make competent the recorded facts based entirely upon hearsay. The general rules governing the relevancy, competency, and materiality of evidence apply to public records which may be admitted or rejected in accordance with the application of such rules to the record or document. (32 C.J.S. 626.) If the officer who made the report in question had been present at the trial, he could not have testified to any of the facts disclosed by the report because he had no personal knowledge thereof. His opinions and conclusions expressed in the report purport to determine the cause of the collision. To permit this would amount to a direct invasion of the province of the jury. All the facts disclosed by the public document introduced in this case were based entirely upon hearsay as disclosed on the face of the report, and the report was inadmissible.

Our attention is called to the fact that the objection made to the introduction of the public report involved was directed at the instrument in its entirety and the motion to strike was leveled at the report and all its contents. It is argued that since no particular or direct objection was made to certain facts revealed by the report, and since many of the facts therein stated constituted competent evidence, the receipt of the report in evidence falls within the rule announced by us in Higbee v. City of Bartlesville, supra, wherein we said:

"It is as well true that an objection made to the introduction of certain evidence in its entirety or a motion to strike such evidence theretofore introduced is not well founded in case any portion of the evidence attacked is properly admissible."

From what we have hereinbefore said there were no facts stated in the report that were not based on hearsay, and, therefore, no part of the report in question was admissible. The contention in this respect is therefore untenable.

The contention of the plaintiff that the admission of the report in question did not constitute reversible error under the circumstances herein involved is also untenable. The record fairly shows that the trial judge stated that he intended to reverse his previous ruling admitting the report in evidence and withdraw same from the consideration of the jury and instruct the jury not to consider it. The court did, in fact, give such an instruction. The defendants thereupon objected and again demanded that the court withdraw the case from the jury and declare a mistrial for the reason, as here argued, that the jurors had knowledge of the contents of the report and the prejudice thereby planted in their minds could not be removed by a withdrawal of same and an instruction not to consider the contents thereof. The court declined to accede to the request of the defendants in this regard and thereupon stated he would leave the report in evidence. All the foregoing occurred in the presence of the jury.

From all the foregoing facts and circumstances it is obvious that the defendants did not intend to, nor did they, withdraw their objection to the introduction of the instrument in evidence. Their conduct shows positively that they did not acquiesce in the action of the court in leaving the report in evidence. We do not think the defendants invited error in this connection.

From what has been said concerning the recognized veracity and accuracy of public records and the circumstances

detailed, it must be presumed that the jury accorded the evidence contained in the questioned report and read to it unusual weight and credit. The evidence therein, particularly the conclusions and expressions of opinion by the author, cannot be said to be accumulative and harmless. The conclusion is therefore inescapable that the error presented requires a reversal of this case.

Reversed.

GIBSON, V.C.J., and BAYLESS, HURST, and DAVISON, JJ., concur.