# ADAMS *v.* STATE OF INDIANA

[No. 28,205.   Filed October 17, 1946.]

. *Menzies Lindsey*, of Evansville, and *Herbert Hartman*, of Indianapolis, for appellant.

*James A. Emmert*, Attorney General, and *Frank E. Coughlin*, First Assistant Attorney General, for the State.

YOUNG, J.—On the evening of June 16, 1945, a large grocery store in Evansville was robbed and $4,300.00 in United States currency, done up in described packages, was carried away. An affidavit was filed against the appellant, and a jury found him guilty of armed robbery and he was sentenced to 15 years imprisonment in the Indiana Reformatory.

Appellant asserts two grounds for reversal. The first is that the verdict is contrary to law because the jury found appellant guilty of a crime not embraced in the affidavit upon which he was tried.

The Indiana simple robbery statute reads as follows:

"Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten (10) years nor more than twenty-five (25) years, . . . ." § 10-4101, Burns' 1942 Replacement.

The armed robbery statute reads as follows:

"Any person who being over sixteen (16) years of age, commits or attempts to commit . . . the crime of . . . robbery, . . . while armed with a pistol, . . . or any other firearm or any dangerous or deadly weapon, . . . upon conviction shall be imprisoned for a determinate period of not less than ten (10) years nor more than twenty (20) years, to be fixed by the court: . . . ." § 10-4709, Burns' 1942 Replacement.

The affidavit upon which appellant was tried and convicted alleges that he "unlawfully, feloniously and forci-

bly and by violence and putting Finas Heseman in fear, did with the use of a deadly weapon, to-wit: a pistol, rob, take and steal from the possession of Finas Heseman lawful, current money of the United States of America amounting to forty-three Hundred Dollars ($4300.00). . . ." Appellant takes the position that the affidavit charged only the offense of simple robbery, and not the offense of robbery while armed and that therefore the verdict that he was guilty of robbery while armed was contrary to law. Appellant bases his contention upon two grounds. The first is that the allegation that appellant committed the robbery "with the use of a deadly weapon, to-wit: a pistol" is not sufficient to bring the charge within a statute which makes it an offense to commit "robbery while armed with a pistol," and the second is the failure to allege in the affidavit that he was over 16 years of age. He argues that the Constitution of Indiana, (Article 1, § 13) guarantees that criminal accusations shall be pleaded so that every material fact constituting the offense is charged in direct and unmistakable terms so that the accused may know definitely what he has to meet. It seems to us that a charge that an accused committed robbery *with the use of a pistol* is not substantially different from a charge that he committed robbery *while armed with a pistol.* Also in this case it appears affirmatively from the record that the appellant was not misled. The record shows that "the defendant being duly arraigned and required to plead, for plea says he is not guilty of armed robbery as charged in the affidavit herein and that he is 22 years of age." This makes it clear that he knew that he was charged with armed robbery and his admission long before trial that he was over 16 years of age rendered harmless the failure to allege his age in the affidavit. By this plea and stipulation as to

age the failure to state his age in the affidavit was cured and the fact that he was charged with robbery while armed was brought specifically to his attention in ample time to eliminate any prejudice that might have accrued to him by possible uncertainty in the affidavit as to which offense was intended.

The second error upon which appellant relies in this court, is with reference to the introduction in evidence of an automobile license list prepared by the Secretary of State and distributed to county offices pursuant to statute. Section 47-2624, Burns' 1933 (Supp.) provides that the department of motor vehicles shall prepare annually a complete official typewritten or printed list of the names and addresses of all persons to whom automobile licenses have been issued for the current calendar year, together with the registration numbers in numerical order and certain other information concerning the vehicle so registered, and the statute further provides that the department of motor vehicles shall distribute one copy of such list to each county sheriff in Indiana. In the trial of this case the sheriff of Vanderburgh County identified such a list for 1945 which he said had been furnished to him as sheriff by the Secretary of State. Objection was made to this exhibit upon the ground that it was not properly certified and upon further ground that the exhibit was hearsay and not the best evidence of the facts shown by the list. It may well be argued that this exhibit was properly admitted as a public document or official statement. Wigmore on Evidence, 3rd Ed., Vol. 5, § 1630, et seq.; 32 C. J. S. 477, 478, 489, 506, 507; Am. Jur. 931, et seq.; *Steel* v. *Johnson* (1941), 9 Wash. (2d) 347, 115 P. (2d) 145; *Gett* v. *Isaacson* (1923), 98 Conn. 539, 120 A. 156, 158; *Laginski* v. *McCollough* (1924), 280 Pa. 286, 124 A. 431, 433; *Gilmore* v. *U. S.* (1938), 93 F.

(2d) 774, 775 **(C. C. A. 5)** ; *Ames* v. *Empire Star Mines Co.* (1941), 17 Cal. (2d) 213, 110 P. (2d) 13, 19; *In re Clark's Estate* (1940), 228 Iowa 75, 290 N. E. 13, 27; *Abbott* v. *Prudential Ins. Co.* (1937), 89 N. H. 149, 195 A. 413, 415; *Penn. R. Co.* v. *Driscoll* (1939), 336 Pa. 310, 9 A. 621; *Grant* v. *Fisher Flouring Mills Co.* (1937); 190 Wash. 356, 68 P. (2d) 210, 215; *Vallejo & N. R. Co.* v. *Reed* (1915), 169 Cal. 545, 147 P. 238, 250; *Wheeler* v. *Fidelity & Casualty Co.* (1923), 298 Mo. 619, 251 S. W. 924, 931; *Galli* v. *Wells* (1922), 209 Mo. App. 460, 239 S. W. 894, 896; *Knickerbocker* v. *Athletic Tea Co.* (St. Louis Ct. of Appeals, Mo. 1926), 285 S. W. 797, 801; *Higbee* v. *City of Bartlesville* (1930), 147 Okla. 49, 294 P. 168, 169.

But we need not decide that question, because error, if any, in the admission of this exhibit was harmless. Its only value to the state was that it listed appellant as the owner of a Plymouth Sedan bearing License No. 50671. Already five persons had identified appellant as participating in the robbery and using a pistol in connection with the robbery. Two persons had identified him as driving a Plymouth Sedan with License No. 50671 and two state police officers had testified that they had arrested him in a Plymouth Sedan bearing the License No. 50671 and that in the automobile at the time of his arrest was $4,200.00 in currency, packaged in the same manner as the money which had been stolen from the grocery store. In the light of this uncontradicted evidence the mere fact that an official list of automobile license numbers showed License No. 50671 to have been issued to appellant upon a Plymouth Sedan added nothing substantial to the sum total of evidence against him. In our view of the record it could not have prejudiced the substantial rights of the defend-

ant and therefore under our statute it should not be regarded on appeal. § 9-2320, Burns' 1942 (Supp.).

Of course where improper evidence is such as to be influential on an issue to be determined by a jury, it will be presumed to have been prejudicial. *Davis* v. *Cox* (1912), 178 Ind. 486, 493, 99 N. E. 803; *Sullivan* v. *State* (1927), 200 Ind. 43, 47, 161 N. E. 265. But this presumption may be overcome and rendered ineffectual by other evidence in the record. *Ohio Valley Trust Co.* v. *Wernke* (1912), 179 Ind. 49, 99 N. E. 734; *Sullivan* v. *State, supra.*

The admission of improper evidence which tends only to disclose a fact which is clearly proved by other legitimate evidence is harmless error, *Shockley* v. *State* (1924), 194 Ind. 321, 327, 142 N. E. 850; *Ohio Valley Trust Co.* v. *Wernke, supra,* and judgments will not be reversed where the error complained of is harmless. § 2-1071, Burns' 1933; *Terre Haute Gas Corporation* v. *Johnson* (1942), 221 Ind. 499, 509, 45 N. E. (2d) 484; *Romona Oolitic Stone Co.* v. *Weaver* (1912), 49 Ind. App. 368, 97 N. E. 441.

No harmful error appearing, the judgment is affirmed.

NOTE.—Reported in 69 N. E. (2d) 21.